# FRANKLIN COUNTY.

## January Term, 1841.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
    " STEPHEN ROYCE,
    " JACOB COLLAMER,   *Assistant Justices.*
    " ISAAC F. REDFIELD,

TROMBLY & SAX *v.* UZZIEL CLARK, principal debtor,
AND THOMAS CLARK, trustee.

In a trustee process, the residence of the plaintiff, or principal debtor, de-
termines the place where the suit is to be brought, and not the residence
of the trustee.

It is no objection to maintaining a trustee process that a suit had been
brought, and was pending, in favor of the principal debtor against the
trustee, when the trustee process was served.

THIS was a trustee process, wherein Uzziel Clark, was
sued as principal debtor, and Thomas Clark as his trustee.

The writ was served on the trustee on the tenth of June,
1837, and made returnable at the September term of the
county court, 1837, at which term the suit was entered
and continued, for a disclosure, to the April term, 1838.

At the last mentioned term the trustee filed a motion to
dismiss the suit, setting forth that, at the time of the service
of the writ, he was, and ever since had been, a resident of Isle
La Mott, in the county of Grand Isle, and not a resident of
the county of Franklin; that neither the plaintiffs nor prin-
cipal debtor were, or ever had been, residents of said Frank-
lin county, but, at the time of the service of the writ, each

FRANKLIN,
*January,*
1841.

Trombly
& Sax
*v.*
Clark.

.of them was, and ever since had been resident ni the state .of New York.

The county court decided that the motion, by the rules of said court, was out of time, and overruled the motion·; to which the trustee excepted.

The suit was then continued to the September term, 1838, at which last·mentioned term the trustee disclosed that he had not any goods, chattels, rights or credits of the principal debtor in his hands; that the principal·debtor had, before the issuing of the writ in this suit, a suit pending in the said county court against the said trustee, in which the plaintiff in that suit recovered a judgment, at the April term,· 1838; against said trustee, who was defendant in that suit, on which judgment writs of execution had issued, and real and personal estate of the trustee had been levied upon; that the trustee had been compelled to pay the balance of· said judgment, after such levies, and officer's fees, and that he was not, (at the time of making the disclosure,) indebted to the principal debtor, and that the action in favor of the principal debtor was upon a·promissory note.

The county court decided that the said Thomas Clark was liable as trustee, to which decision the trustee, also, excepted.

The rules of the county court were made a part of the case, from which it appears that dilatory pleas must be pleaded " in forty-eight hours after ·the entry of the action," and that, " in all reviewed causes, either party may alter his plea, without terms, by filing his plea, as altered, with the clerk, or·serving the adverse party, or his attorney, with a copy, at least, thirty days before the term of the court to which the cause is reviewed."

*Stevens* and *Brown,* for the trustee.

The county court erred in overruling the motion to dismiss; and, in support of this position, we refer to compiled statutes, page 72, section 48, of ˙the judiciary act. By the express words of that statute, when both parties are inhabitants of this state, and the suit is brought in a county where neither reside, " the writ shall, on motion, abate ;" and when the plaintiff is not an inhabitant of this state, the suit shall be brought in the country where the defendant resides.

Franklin,
*January*,
1841.

Trombly
& Sax
*v.*
Clark.

Thetrustee is made a defendant.  He is technically so, for the plaintiff is not compelled to rest satisfied with the disclosure.  He may introduce testimony to show the liability of the trustee, and, of course, the trustee has the privilege of rebutting such testimony.  The person here sued as trustee is an inhabitant of this state, and had the right of being tried, in this case, in the county where he resides.  This privilege he cannot be deprived of without his own consent.

The defendant, also, contends that he was not, upon his disclosure, liable to be deemed the trustee of Uzziel Clark.

The trustee, in no case, shall be held liable when the judgment against him cannot be pleaded in bar to the claim of the absconding debtor, and, in this case, it could not. *Howell* v. *Frye*, 3 Mass. 121.  *Prescott* v. *Parker,* 4 Mass. 170.  *Kidd* v. *Shepard*, 4 Mass. 238.  *Gridley* v. *Harriden*, 14 Mass. 497.

*N. L. Whittemore* and *A. O. Aldis*, for plaintiffs.

1. The motion to dismiss for want of jurisdiction, is founded upon the fact that the plaintiffs and principal debtor are residents of New York, and the person, charged as trustee, a resident of Grand Isle county.

It would seem, (admitting the facts set up in the motion,) that the suit should have been brought in Grand Isle county, in order to comply with the statute.

But the court has jurisdiction of *the subject matter.*

If a suit is brought in a wrong county in the state, there being no other objection than the jurisdiction, and the parties appear and final judgment is rendered, without objection to the jurisdiction, the judgment is valid.  Such objection must be pleaded in abatement, and cannot be inquired into on motion.  *Davis* v. *Marston*, 5 Mass. 195.

The claim of the defendant is in the nature of a personal privilege.  When the objection to the jurisdiction springs from a personal privilege, or from the cause of action having arisen in some other exclusive jurisdiction, it must be pleaded, otherwise the defendant submits to the jurisdiction and waives his right.  This being a transitory action, and the court one of general jurisdiction, the objection to the jurisdiction ought to have been pleaded.  1 Chit. Pl. 477, 478. 1 Saund. 73 and 98.  Gould's Pl. 231.

FRANKLIN,
*January*,
1841.

Trombly
& Sax.
*v.*
Clarks.

This motion is merely a plea to the jurisdiction, and in the nature of a dilatory plea. The trustee appeared, but did not plead to the jurisdiction, within the time prescribed by the rule, and the cause was continued for his disclosure, and, at the next term, he filed his motion. He was, therefore, out of time.

Leave to file the motion, being a matter in the discretion of the county court, and that court having decided the question, this court will not overrule their decision.

2. The disclosure is always to be construed against the trustee, for it is presumed he will discharge himself if he can. The court, therefore, will presume no state of facts more favorable to the trustee than he has expressly disclosed, and facts not set forth, if material, will be presumed adverse to him. 12 Pick. 383. 5 Mass. 205.

If the trustee could have availed himself of the pendency of this suit, in defence of the action brought against him on the note, by the principal debtor, then he is liable as trustee. If he neglected using his legal rights, and permitted the judgment to be rendered, and the executions to be satisfied, when, by pleading the pendency of this suit, he might have prevented it, it is his own folly, and he must suffer for it. *Locke* v. *Tippets,* 7 Mass. 149. *Thorndike* v. *De Wolf,* 6 Pick. 120. *Howell* v. *Freeman,* 3 Mass. 121. *Foster* v. *Jones,* 15 Mass. 185. *Kidd* v. *Shepard,* 4 Mass. 238.

That the trustee might have pleaded the pendency of this suit in bar to the first, is evident from the disclosure. No final judgment was rendered in the first suit until the April term, 1838. This suit was entered at the September term, 1837. He might have changed his plea to the first action, without terms, by giving a copy to the adverse party, thirty days previous to the April term, 1838, and filing the original with the clerk of the court.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—This case comes before us on two exceptions. The first is to the decision of the court overruling the defendant's motion to dismiss. The court decided that the motion was out of time, according to the rules of the court. This decision of the court, on the construction of

FRANKLIN,
January.
1841.

·Trombly
& Sax
*v.*
Clarks.

their rules, is not a subject to be here discussed. It is also further contended that the statute requires that the cause should be dismissed. If so, as the rules of the court could not contravene the law of the state, it is a proper subject of exception to be heard in this court. The statute, directing where suits are to be brought, when plaintiff and defendant are inhabitants of the state, declares, that, if otherwise brought, the writ, on *motion*, shall abate. The motion, however, is to be considered as a dilatory plea, and subject to the rules applicable to dilatory pleas. The statute, in relation to joining landlords and tenants, has the same expression, that, if they are not joined, the action, on motion, shall be abated. It has always been held that this non-joinder must be pleaded in abatement, and could not be taken advantage of after a plea of the general issue, or a continuance. On the merits of the motion, it is to be observed, that, in this suit, as in all others, the party complaining is the plaintiff, and the one defending is the defendant. The trustee is neither a plaintiff nor a defendant in this suit. The residence of the parties determines where the action is to be brought. When both are inhabitants of the state, it must be brought in the county where the plaintiff or defendant resides. When the defendant is not an inhabitant of the state, it may be brought in any county. If the plaintiff, defendant and several trustees are all inhabitants of the state, though residing in different counties, it could hardly be contended that a suit could be brought in any of the counties where the trustees, or either of them, resided, and not in the county where both of the parties litigant, plaintiff and defendant, or either of them, resided. The proceeding against the trustee is only to attach property in action. His residence cannot be taken notice of in determining where the suit is to be brought. This principle was recognized, in the circuit court, where it was considered that an action, brought by a plaintiff, citizen of this state, against a defendant, citizen of Massachusetts, although several citi- of this state were summoned as trustees, was removeable from the state courts to the circuit court. The motion, in this case, discloses that neither the plaintiff, nor the defendant, Uzziel Clark, were inhabitants of this state, but resided in the state of New York. The suit was, therefore, properly brought in this county, notwithstanding the trustee resid-

FRANKLIN,
*January,*
1841.

Trombly
& Sax
*v.*
Clarks.

ed in the county of Grand Isle, and the motion to dismiss was properly overruled.

The other exception is founded on the decision of the court, that Thomas Clark, on his disclosure, was the trustee of the defendant, Uzziel Clark. The statute makes all the goods, chattels, rights, or credits of the principal debtor, in the hands of his trustee, liable for the debts of the debtor. Hence, if the trustee is indebted to the principal debtor, he is liable to be summoned as trustee, without regard to the nature of the indebtedness, whether by record, specialty, or simple contract. No exception is made whether a suit is depending in favor of the principal debtor, or whether payable or not, and we can make no exceptions, unless required so to do, to prevent injury to third persons, or, unless the spirit of the act requires it; or, unless we should find difficulties too great to be surmounted, by holding the trustee accountable. It surely should not depend on the fact whether the principal debtor, or his creditor, first commenced the suit against the trustee, to determine whether the trustee should be holden in the suit brought by the creditor. The security and safety of the trustee does not require this. The trustee must be in a situation that, if he is holden as trustee, at the suit of the creditor, he shall not be made liable to the principal debtor for the amount. Hence, if he has an opportunity to plead the pendency of the creditor's suit against him, or payment of a judgment recovered thereon, he is in no danger. Where judgment is recovered by the creditor and collected of the trustee, the latter is, by the statute, acquitted and discharged from so much against all claims of the principal debtor.

If a suit is pending in the name of the principal debtor, against the trustee as defendant, and the latter is summoned as trustee, he may plead this as a temporary bar, and stay the proceedings until the suit of the creditor against him, as trustee, is determined, and this plea he may put in at any time while the cause between him and the principal debtor is open. In the case of *Howell* v. *Freeman*, 3 Mass. 121, the trustee was sued, a reference between him and the debtor had been had, and the award made, though not accepted. He, therefore, had no opportunity of putting in a plea to protect himself, and was discharged. Had he had such

FRANKLIN,
January,
1841.

opportunity of making a defence, he would have been considered as liable to this process in Massachusetts, notwithstanding a suit might have been commenced and pending, in the name of the principal debtor, at the time of the service of the trustee process. We are disposed to adopt the doctrine established in Massachusetts. It appears that the trustee was indebted to the principal debtor, on note, although a suit had been commenced thereon by the principal debtor, and was pending at the date of the service of the writ in this case. He had an opportunity to plead the same in bar, as a suspension of this suit. We are, therefore, of opinion that he has rights and credits of the principal debtor in his possession, and was properly adjudged to be trustee.

The judgment of county court is affirmed.