HENRY G. WEBSTER,

*vs.*

BENJAMIN McDANIEL and JOHN M. JOHNSON.

*New Castle, Feb. T.* 1862.

An interpleader will be decreed for the relief of a judgment debtor who has been summoned as a garnishee of the debt under an attachment *fi. fa.* against the judgment creditor.

A debt due under a judgment is subject to attachment.

A judgment debtor, having recovered a judgment in another Court against his creditor, is entitled to relief in equity by a decree for set off.

Though both judgments are legal demands equity will relieve, because they are not judgments recovered in the same Court, so that they could be set off at law under the equitable control of the Court over its own judgments ; and there is, therefore, no remedy but in equity.

BILL OF INTERPLEADER.—On the 1st of December, 1860, Benjamin McDaniel recovered a judgment against Henry Webster for $506.83, and on the 3d of January 1861, is-

38

sued a *fieri facias*, which was levied to the amount of the judgment. On the 8th of December 1860, Webster was summoned as a garnishee under a *fi. fa.* attachment issued upon a judgment recovered by John M. Johnson against McDaniel before a Justice of the Peace for $78.20. Webster did not answer as garnishee until compelled by an attachment against him, on the 9th of March, 1861, when he answered specially, that he owed McDaniel the aforesaid judgment, which had been executed, and that he was not otherwise indebted to him. On this answer judgment was rendered against him, as garnishee of McDaniel, for the amount of Johnson's judgment, then amounting, with interest and costs, to $134.39. After this, on the 26th of March, 1861, he was compelled to pay to the Sheriff the amount of McDaniel's judgment, which he did under protest. Johnson then issued execution on his judgment against Webster, as garnishee of McDaniel. Thereupon, Webster filed this bill, praying that the money in the Sheriff's hands may be paid into court, and that the parties claiming may interplead, submitting himself as willing that of the fund collected by the Sheriff $134.39 might be applied to either of the judgments of McDaniel and Johnson, as the Chancellor might decree. The bill also alleged that Webster had, on the 13th of March 1861, recovered, before a justice of the Peace, a judgment against McDaniel, amounting, with interest and costs, to $21.34, on which judgment McDaniel had prayed an appeal and given security, but had failed to prosecute his appeal. The bill claimed that this last mentioned judgment was an equitable set off against McDaniel's judgment, and prayed that the amount should be refunded to the complainant out of the money in the Sheriff's hands.

The answer of Johnson claimed the amount of his judgment out of the fund.

The answer of McDaniel claimed the whole of the fund

levied from Webster, because even if it was subject to Johnson's attachment Webster was in contempt in not answering until after the levy, and the Sheriff had then become responsible to McDaniel for the amount of his judgment. The answer also insisted that McDaniel's debt, being a judgment, is not subject to attachment; that the debt, having been levied by the Sheriff, was in law paid; that Webster had his remedy against Johnson's judgment by appeal or certiorari, and that McDaniel was not required to interplead concerning it. With respect to Webster's claim to set off his judgment against McDaniel's, the answer insisted that Webster had his remedy for the amount of his judgment against the surety on McDaniel's appeal.

The cause came before the Chancellor, at the Feb. T. 1862, for a hearing upon the bill, answers and exhibits.

*D. M. Bates,* for the complainant, and also for Johnson.

1. The right to an interpleader clearly arises out of the fact that here are two conflicting claims upon the same subject matter, *i. e.*, part of the money due under McDaniel's judgment, as to the application of which he stands indifferent. 2 *Daniel's Ch. Prac.* (1753.)

2. To which of these claimants does the fund belong? That depends upon the question whether money due by judgment can be attached. It cannot be under the custom of London, upon the somewhat technical ground that the defendant in the judgment has no day in Court, and that to allow the attachment may involve a conflict-in the process of the Courts. *Drake on Attach. ch.* 32, *sec.* 638; 2 *Dall. R.* 277. But the policy of our law subjects all a debtor's property to the payment of his debts; and, following this policy, our attachment law is general in its terms, applying to every species of property, rights and credits,

without reference to the form of security by which such rights and credits are held. Judgments with us are treated, not merely as a method of recovering a debt, but as a species of property, largely held ; and to except them from attachment would release a large amount of property from its just liability for debts. If, in some cases, such attachments may work inconvenience, it is exceptional and slight, and not to be weighed against the policy of the act.

Our practice has long held judgments to be subject to attachment. *Belcher vs. Grubb*, 4 *Harring. R.* 461, is a direct authority. This case related to a foreign attachment ; but whatever is subject to a foreign attachmennt is *a fortiori* subject to an execution attachment.

3. Can Webster set off his judgment against McDaniel's ? It is true, these are legal demands, both resting on judgments at law. But relief in equity is claimed on the ground that the opportunity to set off at law is past. A Court of law, were both judgments recovered in the same Court, would set off one against the other, by the equitable control of its process. Where that cannot be done at law, in consequence of the judgments being in different Courts, relief must be had in equity. It is no answer to our claim that Webster might have sued McDaniel's surety in the appeal. Such a defence is an inequitable attempt to fasten his debt upon his surety.

*G. B. Rodney*, for McDaniel.

I. To sustain a bill of interpleader it is requisite that the complainant hold himself indifferent between the parties—a mere stakeholder, and that he himself claim no interest in the fund. *Whitworth's Eq. Prec.* 393 ; (62 *Law Lib.*) Both these conditions are violated in this case. Webster has, in the language of the authority, " mixed

himself up" with the thing, by voluntarily answering to the attachment after the levy under McDaniel's judgment, thus seeking to prefer Johnson. Then, again, he is here claiming an interest, seeking a part of the fund for himself, and attempting to make these parties litigate, in part, for his own benefit. On these grounds the bill is demurrable; but the defence may be taken as well by answer. *Adams' Equity*, 342.

2. We contend that a debt cannot be attached after judgment. The debtor is then liable to execution and should not be harassed by another claimant upon the fund. *Drake on Attachment, sec.* 638. This rule is founded on general principles of convenience and justice, and not merely on the narrow ground of the custom of London. The English decisions do not so base it. 1 *Salk. R.* 280, 292. 4 *T. R.* 312. The rule prevails in this country. It is not to be presumed that our statute on attachments was designed to enlarge the application of the remedy beyond the existing law. Some of its provisions imply the contrary. Under our attachment law the garnishee is to be " allowed to the extent of his answer." How is a judgment debtor to be so allowed? He has no opportunity to plead his answer. This provision plainly contemplates as the subject of attachment, simple contract debts, against which the attachment may be pleaded. The case of *Belcher vs. Grubb.* 4 *Harring. R.* 461, is distinguishable from this. There, both claimants were within the same Court. Belcher was seeking to collect a judgment against Grubb while a foreign attachment was pending against him in the same Court. His judgment debtor being summoned as a garnishee and having answered in the foreign attachment, the Court stayed his execution until he should appear in the foreign attachment. In this, the Court only exercised its equitable power over its own process, proceeding on the ground that a debtor ought not to use the process of the

Court until he should submit to its process against him. In 13 *Peters Sup. Ct.. R.* 107, an attachment issued after suit brought could not, it was held, be pleaded as a defence. This was on the principle that priority of suit determines the right, in order to prevent a conflict of jurisdiction. The same principle protects a debt in judgment, as well as a debt in suit.

3. As to the set off—Webster's remedy for his judgment against McDaniel upon the security given in the appeal, being an ample remedy at law, deprives him of any equitable claim. He is seeking simply to enforce a legal claim in a court of equity, which cannot be done. *Chanc. Dig.* 1202; *Moses vs. Lewis,* 12 *Price Exch. R.* 402; *Hurst vs. Pearce,* 4 *Ib.* 339.

*Bates,* in` reply, on the right to an interpleader.

The complainant is none the less an indifferent party because he claims to set off the small sum of $21.34. That leaves of McDaniel's judgment against him more than sufficient to cover Johnson's claim of $134. *As to that* he stands indifferent and ready to pay either claimant. Nor has he, as argued, sought to favor either claimant. His answer was under attachment; nor could it have been other than as it was. The intervening levy, made after he was summoned as a garnishee, could not vary the rights of the parties. They were fixed by the garnishment.

HARRINGTON, CHANCELLOR.—This is a proper case for interpleading, upon the principles which govern that proceeding. Webster owed a debt by judgment to McDaniel, which was attached by Johnson. After Webster was summoned as a garnishee, but before his answer, execution was levied under the judgment. He was afterward compelled to answer, judgment was rendered against him on his

answer, and he was obliged to pay the whole of McDaniel's claim to the sheriff, notwithstanding this judgment. He is thus subject to the claim of both McDaniel and Johnson for the same debt, to the extent of Johnson's judgment; and he is indifferent as between them. The fund is still subject to the decree of this Court, having been paid to the sheriff with notice and being still in his hands. It is, therefore, liable to be litigated between McDaniel and Johnson ; and the complainant, so far as this disputed fund is concerned, is in a position equitably to require its litigation and settlement between them for his protection. The complainant claims, as against another part of the fund now in the sheriff's hands, to set off in equity his judgment, since recovered against McDaniel ; but this claim does not make him obnoxious to the charge of mixing himself up with the contestants' interpleading, because his claim does not apply to any part of the subject of that contest ; neither does his delay in answering to the garnishment, under the circumstances, nor the special character of his answer when made, show any such preference for either of the contending parties as will deprive the complainant of his right to the interpleader on the ground of partiality.

On the main point, I think that the debt due by judgment from Webster to McDaniel was liable to be attached in Webster's hands to satisfy the debt due on the judgment of Johnson against McDaniel. This is in effect the decision in *Belcher vs. Grubb.* 4 *Harring. R.* 461 ; for it cannot be maintained that any species of property, liable to process of foreign attachment, cannot be reached on execution attachment. The principle of that case is that whatever a man owns as a means of paying his debts may be attached by his creditors ; and there is nothing in this case, arising from the fact that the debt attached is due by judgment, to raise a conflict of jurisdiction or of process, though after the garnishment it was levied by the sheriff under

execution process; for the whole matter is here under the control of the Court and the fund subject to its order.

I have no difficulty in decreeing the set off. It is true, both these judgments are legal demands. Had they been recovered in the same Court they might have been set off at law under the equitable power of the Court over its own judgments. But, being recovered in different Courts, there is no remedy but in equity, and yet there is an equitable right for which relief ought to be given.

Let a decree be entered that Johnson's judgment be paid out of the money levied by the sheriff for McDaniel, and also the amount of Webster's judgment for $18.08, with interest and costs, recovered against McDaniel, which he is equitably entitled to set off against McDaniel's judgment, now demanded of him; and that the defendant, McDaniel, pay the costs.

Decree accordingly.