WILLIAM C. KEITH v. JOHN HARRIS, *Sheriff*, etc.

1. GARNISHMENT; *Proceedings against Judgment-Debtor.* A judgment-debtor may be held as garnishee of the judgment-creditor in favor of a creditor of the judgment-creditor, where the two actions are in the same court.

2. INJUNCTION; *Staying Collection of Judgment.* And, in such a case, injunction will lie in favor of the judgment-debtor to restrain the collection of the judgment pending the garnishment proceedings.

*Error from Allen District Court.*

J. R. RUDISILL recovered a judgment in the district court against *Wm. C. Keith*, which judgment remained unpaid and unsatisfied. Rudisill was indebted to Nelson F. Acers, and Acers brought his action against Rudisill in the district court, obtained an order of attachment, and caused *Keith* to be summoned as garnishee of Rudisill. Afterward Rudisill sued out a writ of execution on his judgment against *Keith*, and the sheriff levied said writ on *Keith's* property, and was about to advertise said property for sale, when *Keith* brought this action against the sheriff to enjoin and restrain him "from advertisng and selling, and offering to advertise and sell, the said property, or in any other manner enforcing the payment of said judgment until the matter concerning which the said process of garnishment issued against the plaintiff herein shall have been determined." The district judge made a temporary restraining order, and set the motion for an injunction for hearing on the 16th of August, 1871, and directed that notice thereof be given to the sheriff. At

the time appointed the parties appeared before the district judge, and upon the hearing and consideration of said motion said judge denied said motion, and made an order refusing to grant the injunction prayed for by *Keith;* and from this order *Keith* appeals to this court.

*H. W. Talcott,* for plaintiff in error:

1. The distinctions between the terms "attachment" and "garnishment" are arbitrary — attachment signifying the *actual levy* on property in the actual possession of the attach-ment-*debtor,* while by "garnishment" is meant an implied levy on attachment-debtor's property in another's possession. Hence the indiscriminate use of authorities upon the subject of garnishment, as used in Drake on Attachment, §§ 504, 453, and cases there cited.

2. The writ or order of attachment requires the officer to "attach the lands, tenements, goods, chattels, stocks, *rights, credits,* moneys and effects of the defendant in his county, not exempt," etc. Civil code, § 193. If the *rights* and *credits* of the defendant are attachable property, and that without any specified exception as to the kind or nature of the "rights" and "credits," then a *judgment,* it being a "credit," is attachable in a suit against *that* judgment-creditor. It may be said to be self-evident that, "where there is a judgment-creditor there must be a credit, and that credit the judgment." As sustaining the doctrine that judgments are attachable, see 2 Miles, 130; 1 Penn. St., 380; 31 Penn. St., 114; Harrington, 461; 29 Ala., 330; 1 Smedes & Mar., 598; 10 id., 371; 6 Blackf., 398; 26 Ill., 301; 11 Conn., 168. Of course, a judgment, that is, the record thereof, cannot be seized; and the only way to subject a judgment to attachment is by garnishment of the judgment-defendant. Drake on Attach., § 626. A garnishee is liable to the plaintiff in attachment for all prop-erty, moneys and credits in his hands, or *due* from him to the defendant *from the time he is served with notice:* Code, § 206.

If the deductions above are correct, if a judgment is attachable by garnishment of the judgment-debtor, and if

the garnishee is liable to the plaintiff in attachment from the time of service for moneys or *credits* due from him to the defendant, then Keith had the right to ask, and it was the duty of the district judge to grant, the injunction prayed for. A copy of the order of attachment in the case of "Acers v. Rudisill" was served on Keith July 17th, 1871, with a notice that all the property, moneys, rights, credits and effects in his possession or under his control belonging to said Rudisill were attached, and that he appear and answer as garnishee of said Rudisill as required by law. Now "by law," (§ 215, civil code,) he was required to answer on the 21st of November 1871, that being the first day of the next term of the district court. And yet, in about two weeks later the clerk of the district court (at the instance of Rudisill) issues an order for the sale of Keith's property because Keith does not pay Rudisill, and the defendant here, the sheriff, was about to execute that writ, thus compelling Keith to do what by law he was forbidden to do. He has no remedy except by injunction. To permit his property to go to sale, is to lose it; and if he is held liable as garnishee he will be obliged to pay the amount of the judgment again.

The opinion of the court was delivered by

VALENTINE, J.: Only two questions are presented for consideration in this case. First, can a judgment-debtor be held as garnishee of the judgment-creditor in favor of a creditor of the judgment-creditor, where the two actions are in the same court? We must answer this question in the affirmative. For authorities upon this point, see Drake on Attachments, §§ 622 to 627, and cases there cited. It is possible there may be some debts, or rather credits, so intimately connected with other matters that to attempt to subject them to garnishment proceedings would require the exercise of powers not possessed by the court. Or it is possible that other insuperable difficulties might arise, so as to preclude the possibility of subjecting such credits to garnishment proceedings; and in all such cases, such credits must of course be exempt from such pro-

·ceedings.    But our statutes do not in terms exempt any credit
·of any kind whatever.  Civil code, §§ 193, 206, 215, 218,
·219.   We would therefore infer that it is only where insuper-
·able difficulties arise that any credit can be considered as
·exempt from garnishment proceedings; and as no insuperable
·difficulty arises in this case we think the judgment was the
·subject of garnishment.

Second: The next question is whether injunction will lie
in a case like this to restrain the collection of the judgment
pending the garnishment proceedings.  We must also answer
this question in the affirmative.  In the present case, after the
garnishment process was served on the judgment-debtor the
judgment-creditor caused an execution to be issued, and the
sheriff was about to seize and sell the property of the judg-
ment-debtor to satisfy said judgment.  This action was
brought to restrain the collection of said judgment pending
the garnishment proceedings; and we think such an action
will lie.   Otherwise the judgment-debtor might, after the
sheriff had sold his property to satisfy said judgment, again
have to pay the amount of the judgment to the creditor of
the judgment-creditor.   So far as we now see, injunction is
the only adequate remedy for such a case.

These are the only questions presented to us, and the only
ones which we decide.   They were presented by the plaintiff
in error.   The defendant in error has made no appearance in
this court; so we suppose he considers these as the only ques-
tions in the case.

The order of the judge of the court below is reversed, and
the cause remanded, with the order that a temporary injunc-
tion be allowed, and such further proceedings taken as may
be proper in the case.

All the Justices concurring.