Merrimack, }
Dec., 1895. }

ISABELLE v. LeBLANC & a., & Tr.

Under the provisions of P. S., c. 245, and the rules and orders established by the court to carry them into effect, a judgment debt may be the subject of trustee process.

FOREIGN ATTACHMENT. At the April term, 1895, the defendants recovered judgment against Clements, trustee in this action, upon which execution issued, but has not been satisfied. Shortly after such judgment and execution the present suit was begun. The defendants moved to discharge the trustee.

*Napoleon B. Hale* and *Albin, Martin & Howe*, for the plaintiff.

*Walter D. Hardy*, for the trustee.

BLODGETT, J. Subject to certain exemptions enumerated in the statute, "If . . . it appears that the trustee had in his possession at the time of the service of the writ upon him, or at any time after, any money, goods, chattels, rights, or credits of the defendant . . . he shall be adjudged chargeable therefor." P. S., c. 245, s. 19. Within the statutory intention, credit is the correlative of debt, so that the existence of a debt on the one part constitutes a credit on the other (Cush. Trust. Pr., s. 58); and the general rule in the construction of " credits " therefore being that where one person is indebted to another he may be charged as the trustee of his creditor (*Ib.*, s. 146), the nature of the indebtedness, barring exemptions, is immaterial (*Trombly* v. *Clark*, 13 Vt. 118, 123), and the statute is applicable to judgment debts as well as others, both in reason and equity. Indeed, such debts, being liquidated and certain, with ordinarily nothing remaining for controversy as to their existence, character, or amount, would seem to be peculiarly within the operation of the statute. But however this may be, it was obviously the intention of the legislature, by not including them in the list of exemptions, to subject judgment debts to trustee process. Not only must this be so held upon familiar principles of statutory construction, but it is equally in accordance with the policy of our laws in respect to debtors and creditors, which have " ever required that all the property of a debtor, not exempted by law from execution, should be subject to the just claims of his creditors, and that every facility consistent with the reasonable immunities of debtors should be afforded to subject

such property to legal process." And, furthermore, the very decided weight of American authority is that a judgment debt may be trusteed. *Gager* v. *Watson*, 11 Conn. 168; *Trombly* v. *Clark*, 13 Vt. 118, 123; *Luton* v. *Hoehn*, 72 Ill. 81; *Osborn* v. *Cloud*, 23 Ia. 104,— 92 Am. Dec. 413; *Phillips* v. *Germon*, 43 Ia. 101; *McBride* v. *Fallon*, 65 Cal. 301; *Calhoun* v. *Whittle*, 56 Ala. 138; *Halbert* v. *Stinson*, 6 Blackf. (Ind.) 398; *Keith* v. *Harris*, 9 Kan. 386; *Belcher* v. *Grubb*, 4 Harring. (Del.) 461; *Webster* v. *McDaniel*, 2 Del. Ch. 297.

It is true that the contrary was held in *Thayer* v. *Pratt*, 47 N. H. 470 (decided in 1867), as well as in some preceding cases there cited, upon the ground " that, as the statute provides for the discharge of the trustee for so much as may be taken from him under this process, and empowers him to give the matter in evidence in a suit by the principal debtor, it must have been contemplated that he would be charged as such trustee only in cases where an opportunity remained to set up such matter in discharge; otherwise he might be twice charged for the same debt, which could not have been intended."

But if under the statutes and the practice then existing this construction may have been warranted, it has no place under the present statute (first enacted in 1876), which expressly authorizes the supreme court to make and establish such rules and orders as may be necessary and convenient to carry into effect the various provisions of the chapter relating to trustee process. P. S., *c.* 245, *s.* 44. And no more has it any place under the expansive and more liberal practice which now obtains, and which is constantly developing with new ideas of right and justice, in accordance with the progress of society and the correspondingly enlarged conception of the common law of this state " for ascertaining, establishing, and vindicating contested rights in civil cases," which is now, but was not formerly, held to entitle each party " to such remedy, including form, method, and order of procedure, as justice and convenience require." *Owen* v. *Weston*, 63 N. H. 599.

Both under the statute and the practice now existing, there can be no doubt that the trustee may be charged in the present action by a judgment that will not subject him to double liability, or infringe the rights of anybody; and so the basis of the decision in *Thayer* v. *Pratt* having been removed, the decision itself has ceased to be an authority upon the issue now raised.

Unless in the meantime the attachment shall be released by the giving of a bond agreeably to *s.* 39, *c.* 245, at the coming trial term, upon the plaintiff's motion and upon proper cause shown, the action *LeBlanc & a.* v. *Clements* may be brought forward from the April term, 1895, at which judgment was rendered for the plaintiffs; the execution in that case against the

trustee in this action recalled and rescinded; the judgment in that case against the trustee be suspended until further order; together with such other proceedings, orders, and process necessary for equitably charging the trustee in this action. *Blake* v. *Adams*, 64 N. H. 86, 87.

If there are exceptional cases in which a judgment debt may not be the subject of trustee process, the present case is not one of that class.

*Motion to discharge trustee denied.*

All concurred.