**PRIBOTH v. CHISM et al.**

No. 8188—Opinion Filed Jan. 30, 1917.

(162 Pac. 1103.)

**1. Garnishment—Payment—Effect.**

The liability to the judgment plaintiff of principal and sureties upon a discharging bond in attachment may be satisfied by a payment, made under a judgment in garnishment proceeding brought by a creditor of said judgment plaintiff.

**2. Garnishment—Right of Action.**

Garnishment proceedings against a judgment debtor will lie in favor of a creditor holding a judgment against the judgment creditor of such debtor; each judgment being recovered in the same court.

**3. Garnishment—Proceedings — Payment—Effect.**

H., judgment creditor of A. F. P., issued a garnishment summons to C. and B., judgment debtors of E. C. P., alleging that E. C. P. was a fraudulent trustee of said judgment for A. F. P. E. C. P. intervened in said proceedings and denied the trusteeship or that he was indebted to A. F. P. A final judgment was rendered against him which also directed the application by C. and B. of the amount owing to E. C. P. to the judgment of H. against A. F. P. The judgments of E. C. P. and of H. were recovered in the same court. Held, that such garnishment proceedings would lie, and that a payment by C. and B. on the judgment of H. was a discharge pro tanto of the judgment of E. C. P. and con

sequently a defense to an action by him against them on the discharging bond.

(Syllabus by Burford, C.)

Error from District Court, Tillman County; T. P. Clay, Assigned Judge.

Action by E. C. Priboth against B. W. Chism and others on a bond. Judgment for defendants, and plaintiff brings error. Affirmed in part, and reversed in part.

O. H. Searcy and Geo. A. Ahern, for plaintiff in error.

Mounts & Davis, for defendants, in error.

Opinion by BURFORD, C. E. C. Priboth sued B. W. Chism for the recovery of certain rents and caused an attachment to issue. Chism thereupon gave a bond with his codefendants as sureties to dissolve the attachment. The bond was conditioned to perform the judgment of the court. Priboth recovered judgment for the sum of $443.88 and $54.55 costs. Thereafter he commenced the present action on the bond. Defendants answered, setting up, in effect, payment. From their pleading and proof it appears that one Oma A. Haverson had recovered a large judgment in the district court of Tillman county against one A. F. Priboth, brother of plaintiff herein. After judgment she caused a garnishment to issue to Chism and Beard, alleging that they were indebted to A F. Priboth, in that the moneys due from them to E. C. Priboth were in truth and in fact due to A. F. Priboth. The purport of all the allegations was that E. C. Priboth held the cause of action and subsequent judgment in his suit against Chism as a fraudulent trustee for his brother, A. F. Priboth, and in order to avoid the payment of the Haverson judgment. Meanwhile it seems that Chism had deposited $417.35 in money with Beard for the purpose of paying the judgment recovered by E. C. Priboth against Chism. Beard and Chism answered to the garnishment summons that they were nominally indebted to E. C. Priboth in the sum of $417.35, resulting from the rents involved in the suit of Priboth v. Chism, but believed that E. C. Priboth owed such amounts to A. F. Priboth. E. C. Priboth then intervened in the garnishment proceedings and claimed that Chism's debt was due him, and that he was not trustee for his brother. The whole matter was tried to the court, and judgment rendered against E. C. Priboth on his interplea and in favor of Haverson sustaining the garnishment and ordering garnishee to pay over to Haverson the money in their hands. This judgment became final.

Upon the record evidencing the above facts being introduced in the instant case, and the testimony closed, the trial court rendered judgment in favor of the defendants from which judgment plaintiff, E. C. Priboth brings the cause here for review.

The sole question is whether the defendants' pleading and proof constitute a defense. When Chism and his codefendants executed the bond here sued upon to discharge the garnishment, the appearance of the defendants was entered and the action converted from one in rem to an action in personam. Bishop-Babcock-Becker Co. v. Hyde, 61 Okla. 250, 161 Pac. 172. The court no longer had any jurisdiction by virtue of the order of attachment over the property attached, and in the absence of fraud, mistake, or the like grounds, upon the rendition of judgment against Chism, his liability and that of his sureties upon the bond became fixed and absolute. But this liability of the bondsmen could necessarily be discharged by payment, and that payment might be to E. C. Priboth direct, or, if authorized by process of law, payment could be made to some creditor of E. C. Priboth.

We know of no reason under the weight of modern authority why a creditor of Priboth, holding a judgment recovered in the same court, as was the case at bar, could not garnish the funds due him from his debtor, Chism. Keith v. Harris, 9 Kan. 386; 20 Cyc. 1010, and cases cited. Such being the case, Oma Haverson might have issued a garnishment to E. C. Priboth as an alleged debtor of A. F. Priboth, her direct judgment debtor. If E. C. Priboth denied liability, she could have taken issue on his answer, and by establishing that he did owe A. F. Priboth have recovered a judgment against him for the amount due him to A. F. Priboth. Being then a direct judgment creditor of E. C. Priboth, she could have sued out a garnishment summon to Chism and Beard, debtors of E. C. Priboth, and compelled the application of the amount of their debt to E. C. Priboth to her judgment in garnishment against him, and thus finally to the payment of her judgment against A. F. Priboth. This being true, though the proceeding was somewhat irregular, when the court in the garnishment proceeding from Haverson to Chism and Beard procured jurisdiction of E. C. Priboth by reason of his voluntary intervention, we see no reason why, then having all the parties and the whole subject-matter before him, he was precluded from rendering a judgment setting the whole matter and the rights of all the parties. This he did, decreeing that E. C. Priboth owed A. F.

Priboth, judgment debtor of Haverson, and that Chism and Beard should pay the funds in their hands due E. C. Priboth to Haverson, thus canceling a portion of their debt to E. C. Priboth, of his debt to A. F. Priboth, and A. F. Priboth's debt to Haverson. Having done this in obedience to a final judgment of a court of competent jurisdiction, it operated as a discharge pro tanto of the liability of Chism and his sureties on the bond to E. C. Priboth. None of the questions decided in St. L. & S. F. R. Co. v. Crews, 51 Okla. 144, 151 Pac. 879, are here raised, and consequently are not considered. But in discharging the defendant altogether the trial court was in error. The liability on the bond was concededly the judgment of $443.85, and the costs of the original suit of Priboth v. Chism in the sum of $54.55. The liability on the garnishment to Haverson was but $417.25. The difference should have been recovered by the plaintiff. It is urged that the court in the Haverson garnishment suit held that E. C. Priboth held all the rents of a certain farm for A. F. Priboth, and that the judgment of E. C. Priboth against Chism was for such rents. But it seems that Chism and Beard in the garnishment proceedings answered only that they had $417.35. No issue was taken on their answer in garnishment. They were ordered to pay over "the money now in their hands." It does not, therefore, appear that there was any liability to Haverson on the part of the garnishees in excess of $417.35, or that they paid over any greater sum.

In so far, therefore, as the trial court denied plaintiff's recovery for the difference between his judgment and costs and the amount paid or to be paid upon the Haverson garnishment, such judgment was erroneous, and should be reversed, and in all other respects affirmed.

By the Court: It is so ordered.