Donald MOSES, Petitioner,

v.

Honorable Patricia M. HOEBEL, District Judge, Tulsa County, State of Oklahoma, Respondent.

No. 55395.

Supreme Court of Oklahoma.

Feb. 16, 1982.

As Corrected Feb. 22, 1982.

John Michael Johnston, William W. Gorden, Oklahoma City, for petitioner.

Richard D. Gibbon, Brad Smith, Gibbon, Gladd, Taylor, Smith & Hickman, Tulsa, for respondent.

OPALA, Justice:

The issue presented is whether the plaintiff—who had voluntarily dismissed a case—may be enjoined from prosecuting the subsequently refiled action until he has satisfied court-imposed liability to pay legal expenses occasioned by his vexatious termination of the earlier case. We hold that an order which so enjoins the plaintiff offends Art. 2 § 6, Okl.Const. and the XIVth Amend., U.S.Const. in that it constitutes an impermissible "sale of justice" and a bar to "open court" access for redress.

Donald Moses [Moses] sought damages from a motorist for personal injuries in a 1976 automobile-pedestrian accident. The action went to trial March 17, 1980. On the third day of trial—after the judge had ordered proffered rebuttal evidence to be limited—Moses voluntarily dismissed the cause without prejudice. Shortly after Moses refiled the action, the court entertained defendants' motion to tax the costs in the dismissed case. It assessed, against Moses, the sum of $3,500.00 for the motorist's various legal expenses, which included counsel fees and charges incident to discovery, pleading, trial preparation and expert witness fees. The court rested the award on its finding that the dismissal, at that stage of the trial, was "vexatious, wanton, oppressive" and "without just cause". Moses came to be enjoined from proceeding further in the refiled cause until he had paid the assessed legal fees.

In this proceeding Moses seeks to prohibit the trial judge from enforcing the adverse order.

## I.

### THE LITIGATION EXPENSE AWARD IS BEYOND THE REACH OF OUR POWER TO DISTURB

Beyond the reach of our reviewing power is now the trial judge's finding that Moses acquitted himself in a vexatious

manner and without just cause. In the same category is the correctness of the amount of litigation expense allowed against Moses. The order which imposed the sanctions the plaintiff now seeks to avoid was appealable as a post-dismissal order affecting his substantial rights. 12 O.S.1971 § 953.[1] Moses did not appeal from the adverse decision. He cannot have resort to extraordinary means of relief when ordinary and usual remedies were available. Prohibition is not available as a substitute for appeal.[2]

In assessing litigation expenses against one's vanquished opponent we follow the American rule.[3] The prevailing party may not recover attorney's fees against his adversary absent an authorizing statute or a contract.[4] The historical antecedents of this rule are explained by the U.S. Supreme Court in *Alyeska Pipeline Service Co. v. Wilderness Society*.[5] There, while the Court expressly rejected one encroachment on the American rule which had been gaining popularity in lower federal courts, the use of the "private-attorney-general" device, it reaffirmed its commitment to, and sanction of, the "common fund" and "bad faith" exceptions.[6]

In *City National Bank & Trust Company of Oklahoma City v. Owens*,[7] this court gave its sanction to an award of attorney's fees

under the "bad faith" exception to the American rule. The plaintiff in *Owens* had dismissed his case on the fourth day of trial. We held that the dismissal, which had been effected in "bad faith, vexatiously, wantonly, or for oppressive reason", was unshielded by the statutory authority placed in the plaintiff by the terms of 12 O.S.1971 § 684[8] to dismiss a case before submission.

■ In the instant case, the litigation-expense award came to be rested on the "bad faith" exception. Under the standards of *Owens*, the trial court was clearly authorized to impose legal expenses as a monetary sanction for vexatious conduct. The trial court's order is not void on the face of the judgment roll. Since the order is no longer appealable and stands impervious to collateral attack on jurisdictional grounds, it must be left undisturbed in this proceeding.

II.

THE PROHIBITORY INJUNCTION BY WHICH PLAINTIFF WAS PREVENTED FROM PROSECUTING THE REFILED ACTION DOES NOT PASS LEGAL MUSTER

■ The prohibitory injunction—by which the prosecution of Moses' refiled action came to be arrested—constitutes an

1. The order sought to be reviewed is a final order because it precludes the aggrieved party-plaintiff from proceeding any further in the case. Rule 1.11(b)(5), Rules of Appellate Procedure in Civil Cases, 12 O.S.1971, Ch. 15, App. 2; *Centorp Corp. v. Gulf Production Corp.*, 183 Okl. 436, 83 P.2d 181, 185 [1938]; *Sanford v. Street*, 178 Okl. 172, 62 P.2d 479, 481 [1936]; *Rand v. Nash*, 174 Okl. 525, 51 P.2d 296, 297 [1935].

2. *Watchorn Basin Assn. v. Oklahoma Gas and Elec. Co.*, Okl., 525 P.2d 1357, 1359 [1974]; *General Motors Acceptance Corp. v. Carpenter*, Okl., 576 P.2d 1166, 1168 [1978].

3. *City National Bank & Trust Company of Oklahoma City v. Owens*, Okl., 565 P.2d 4 [1977]; *Pierson v. American National Bank of Shawnee*, Okl., 325 P.2d 426, 428 [1958].

4. *City National Bank & Trust Company of Oklahoma City v. Owens*, supra note 3. The

language of the U.S. Supreme Court in *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 260, 95 S.Ct. 1612, 1623, 44 L.Ed.2d 141, 154–155 [1975] is appropriate to describe our legislative policy with respect to awarding counsel fees to the victorious litigant: "Congress has not ... extended any roving authority to the Judiciary to allow counsel fees as costs or otherwise whenever the courts might deem them warranted."

5. Supra note 4.

6. Federal courts seemingly allow counsel fees to be assessed against lawyers for their bad faith conduct *vis-a-vis* the adverse party. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 2457, 65 L.Ed.2d 488 [1980].

7. Supra note 3.

8. *City National Bank & Trust Company of Oklahoma City v. Owens*, supra note 3 at 7.

excessive use of judicial force and is hence vulnerable to prohibition.[9]

■ Costs must be enforced in the action in which they are taxed and not by a subsequent suit.[10] There is no authority in the statutory or common law for a judgment creditor—or the court, *sua sponte*—to use a monetary obligation adjudicated in one case as a constitutionally permissible bar to judgment debtor's court access for pursuit of his claim in another case.[11] The post-dismissal imposition of a litigation expense award against a bad faith plaintiff—whether it be called "cost liability" or be referred to by some other name—bears the attributes of ordinary recovery. Its collection must be pursued by means that are authorized by the ordinary process of law. Its payment may not be coerced by process designed to arrest the progress of another case.[12] There is no authority for judicial enforcement of recovery or cost liability by

an injunction barring the prosecution of another action.[13]

■ Under the Open-Court-of-Justice Clause of the state constitution, the obligation adjudicated against Moses cannot serve as a bar to his courthouse access for the prosecution of another case. Art. 2 § 6, Okl.Const.[14] Moses' right to proceed with his claim in a subsequent action is protected by that clause. The judge's attempted use of the unsatisfied obligation adjudicated in the dismissed case to prevent Moses from pursuing his claim in the refiled case plainly contravenes both the Open-Court-of-Justice Clause of our own constitution as well as the federal and state minimum standards of due process.[15]

■ Not only is the Open-Court-of-Justice Clause offended here but also the Interdiction-of-Sale-of-Justice Clause in Art. 2 § 6, Okl.Const. That section prohibits the judiciary from exacting tribute as a condition of allowing access to any tribunal.[16]

**9.** *State v. Evans*, Okl., 319 P.2d 1112, 1116 [1957].

**10.** The common law rule is in force in Oklahoma. *Rand v. Nash*, supra note 1; *Kerr v. United Collection Service*, Okl., 267 P.2d 611, 612 [1954]; *Bell v. National Collection System*, Okl., 269 P.2d 992 [1954].

**11.** *Tyer v. Cole*, 118 Okl. 279, 248 P. 601, 602–603 [1926].

**12.** An allowance of litigation expense for plaintiff's vexatious conduct in dismissing a case rests on the theory of reparation for harm suffered by the defendant because of the plaintiff's "abuse of process". The defendants' claim for such award can be viewed as a post-dismissal *remedy* and the expense allowance be treated as but ordinary *recovery*. Attorney's fees imposed as a sanction for plaintiff's misconduct are oftentimes judicially characterized as liability for "costs". If the award is treated as cost liability imposed under 12 O.S.1971 § 684, it might be argued that plaintiff's voluntary dismissal could be validly conditioned judicially to take effect on payment of costs and, so long as the cost liability is unsatisfied, the action remains pending and every subsequent action on the same claim would be subject to abatement. We do not intimate a view on this issue. It is not involved here because no condition was judicially attached to plaintiff's voluntary dismissal. See Note, *Attorneys: Discretionary Award of Fees by the Court for Oppressive Behavior*, 31 Okl.L.Rev. 376 [1978].

**13.** A judgment creditor in one case, when seeking to enforce an obligation adjudged in another case in the same court in favor of his judgment debtor, must resort for collection to ordinary process of law, even though both adjudicated claims—that in his favor and that in favor of his debtor—were litigated, and culminated in judgment, in the same forum. *Priboth v. Chism*, 62 Okl. 300, 162 P. 1103 [1917].

**14.** The terms of Art. 2 § 6, Okl.Const. provide: "The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice." *Fiedeer v. Fiedeer*, 42 Okl. 124, 140 P. 1022, 1024 [1914].

**15.** *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 [1971]; *Hovey v. Elliott*, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215 [1897]. In *Bishop v. Bishop*, Okl., 321 P.2d 416 [1958] we held that excluding a defendant from participation in any feature of the divorce case for failure to pay suit money, alimony or child support, as ordered, is a denial of due process under the XIVth Amend., U.S.Const.

**16.** Court costs prescribed by law are excluded from the "Interdiction-of-Sale-of-Justice" Clause of Art. 2 § 6, Okl.Const. because they are fixed in advance and exacted from litigants on an equal basis. *Howe v. Federal Surety Co.*, 161 Okl. 144, 17 P.2d 404 [1932].

The state's power cannot hence be invoked to exact from Moses a tribute in one case in order to pursue his claim in the refiled cause.

 Lastly, the trial court's order cannot withstand the scrutiny of the Equal Protection Clause of the federal constitution. XIVth Amend., U.S.Const. Persons may be grouped for legislation in different categories so long as the basis for the classification abridges no one's fundamental right and there is some rational basis for the distinction.[17] A classification which endeavors to restrain fundamental interests will be subjected to strict scrutiny. Persons with claims to litigate cannot be singled out for a vastly different treatment and barred from court simply because they have failed to satisfy an adjudicated obligation. The fundamental right of access to the courts may not be withheld for nonpayment of some liability. An order that so conditions one's right to litigate impermissibly denies equal protection.

It does not matter here whether we treat the award for litigation expenses as an item of ordinary recovery or as liability for costs. If it be recovery, Art. 2 § 6, Okl.Const., the federal and state due process clauses or the Equal Protection Clause of the XIVth Amend., U.S.Const. will prohibit the use of the unsatisfied recovery as a bar to block the debtor's access to the courts. If the award in question be for cost liability, our decisional law requires that it be enforced *in the case in which it was taxed* by ordinary process of law issued in, and affecting only, that case.[18]

Some expressions in *Owens* may be at variance with this pronouncement.[19] All such statements that are in discord with this opinion are expressly disapproved.

Writ granted; trial court is directed to afford Moses unimpeded opportunity to pursue to its termination the claim sought to be pressed in his refiled action.

IRWIN, C. J., BARNES, V. C. J., and HODGES, LAVENDER, SIMMS, DOOLIN and HARGRAVE, JJ., concur.

---

17. *McFall v. City of Shawnee*, Okl., 559 P.2d 433, 435–436 [1976]; *Carl v. Board of Regents of University of Oklahoma*, Okl., 577 P.2d 912, 915–916 [1978].

18. See cases cited in footnote 10.

19. See *City National Bank & Trust Company of Oklahoma City v. Owens*, supra note 3, Okl., 565 P.2d at 9 wherein the court stated *inter alia*: "Nor can we say that the [trial] court *exceeded its authority in conditioning the refiling of the case upon payment of the costs.*" [emphasis added].