CITY NATIONAL BANK & TRUST COMPANY OF OKLAHOMA CITY, Oklahoma, as guardian of the Estate of Todd C. Martin, a minor, Petitioner,

v.

The Honorable Charles OWENS, District Judge of Oklahoma County, State of Oklahoma, et al., Respondents.

No. 50684.

Supreme Court of Oklahoma.

May 10, 1977.

John M. Merritt, Oklahoma City, for petitioner.

Don Manners, Oklahoma City, for respondent Russell W. Brown.

David W. Edmonds, Oklahoma City, for respondent Carl Stephens.

Burton J. Johnson, Oklahoma City, for respondent W. A. Malchi, Jr.

John A. Wiggins, Oklahoma City, for respondent Kimco Auto Products.

DAVISON, Justice:

Petitioner, City National Bank & Trust Company of Oklahoma City, Oklahoma, as guardian of the Estate of Todd C. Martin, a minor, in an original action, has petitioned this Court to assume original jurisdiction and issue a writ of prohibition and mandamus, prohibiting, the trial court and co-respondents from enforcing an order issued by that court which awarded attorney fees as an item of costs to a defendant and conditioned the future filing or trial of several suits upon the payment of the costs.

The facts giving rise to the controversy now before us are as follows. In the trial court, on June 25, 1973, petitioner Bank brought a tort action, arising out of an automobile accident, against Russell W. Brown and Carl Stephens. The case, after several years, came on for trial in December of 1976. A jury was impaneled, and the case was tried for three full days and on the fourth day, after all evidence and testimony had been introduced, after all parties had rested, and after the court had prepared instructions, the petitioner, plaintiff below, dismissed his case without prejudice.

When the Bank announced it wished to dismiss without prejudice, Mr. Earl Mills, attorney for defendant Stephens stated that if the court were entertaining the possibility of allowing the Bank to dismiss, defendant Stephens requested that the Bank be required to pay all of defendant's costs, including attorney fees for the preparation of the trial, and for the trial itself. In making his request, Mr. Mills informed the court that he had been working almost exclusively on this case for two weeks prior to trial, knowing that it was set, and that he had been at trial for four days. At that time, the trial judge indicated that he would entertain a motion to dismiss, as he had no discretion to *disallow* the dismissal prior to the cause being submitted to the jury. However, the court indicated that if the plaintiff still wished to dismiss, it was the court's intention to award all costs against the Bank, including all necessary expenditures for legal services wasted because of the untimely dismissal, and that he

would condition the refiling of the case upon the payment of all costs.

After receiving evidence as to costs and attorney fees for the *actual trial* and *trial preparation,* which did not include fees for pleading or discovery work, the trial court ordered plaintiff Bank to pay all expenses and attorney fees caused by its untimely dismissal, $4,724.98. The court further ordered that all further proceedings by the plaintiff in any subsequent action upon the same claim should be stayed pending full satisfaction of the judgment for costs. Additionally, the court ordered that plaintiff's counsel, whom the court found responsible for the untimely dismissal, should be restrained and prohibited from proceeding further in any of the companion cases, all of which arose out of the same accident, until all costs assessed were paid.

The plaintiff's right to dismiss, pursuant to 12 O.S.1971 § 684, is not an absolute one, for *it is conditioned upon the payment of costs.* The issue presented is: Under the facts before us, where the plaintiff's dismissal, after proceeding to trial, causes necessary expenditures to be wasted, whether a District Judge has the power to include the costs of such expenditures including such expenditures for legal services in the costs assessed against the dismissing plaintiff.

In addressing this issue, we first note that we are not here concerned with the right of a prevailing party to recover ordinary attorney fees in the course of litigation. Rather, we are concerned with the court's power to tax as costs, any necessary expenditures including attorney fees, against a party who causes the necessary expenditures to be wasted.

Secondly, we note that we are not here concerned with a dismissal prior to trial, and are not concerned with the awarding of attorney fees for pleading or discovery work, but are concerned with the court's power to tax as costs any necessary attorney fees incurred at trial or in trial preparation, against the party who causes the necessary expenditures to be wasted.

Thirdly, we note that we are not here concerned with a case in which a party dismisses *with* prejudice, for when a party dismisses with prejudice, any expenses incurred at trial or in trial preparation need not be expended again; whereas, such expenses may be incurred again when a case is dismissed without prejudice.

Under the facts before us, respondent Stephens unquestionably incurred great expense in the trial of the case, which was prior to its ultimate conclusion, terminated by the plaintiff's dismissal without prejudice. This dismissal resulted in respondent Stephens having incurred great expense literally for nothing. The money, effort, and time spent by the court, the jury, the parties, and the attorneys constituted a complete waste.

Clearly, plaintiff's dismissal, though permissible upon the payment of costs, created an injustice. All the time, effort and expense incurred by the defendants in the trial of the suit were spent for nothing, and the defendants face the distinct possibility of again incurring such expenditures. Conversely, plaintiff had an opportunity to rehearse his case, then, at the last moment, avoid the possibility of losing by dismissing. Clearly, under the facts, plaintiff's actions were oppressive—plaintiff dragged the defendants into court, put them to the expense of trial, without the chance of having suit determined in their favor, caused fruitless expenditures of time, effort, and money by all involved while plaintiff, at the same time, had the opportunity to test the strength and weakness of his case. In short, plaintiff used the courtroom as a rehearsal hall at the expense of his adversaries and the People. Petitioner contends that the trial court lacks the power to remedy this injustice. We do not agree.

Under the so called "American Rule" governing the award of attorney fees to a prevailing party, attorney fees are not ordinarily recoverable in the absence of a statute or an enforceable contract.[1]

■ The American Rule does not however serve as an absolute bar to the awarding of attorney fees in the absence of statute or contract. Courts have from common law days recognized several exceptions to the general principle that each party should bear the costs of his or her own legal representation. Courts have long recognized that attorney fees may be awarded when an opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reason,[2] or where a successful litigant has conferred a substantial benefit upon a class of person and the court's shifting of the fees operates to spread the costs proportionately among the members of the benefited class.[3] Additionally, courts have also recognized a "private attorney general" rationale.[4]

The United States Supreme Court, in *Hall v. Cole,* 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973), in addressing an issue

1. *Hall v. Cole,* 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973).

2. See, e. g., *Vaughan v. Atkinson,* 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962); *McEnteggart v. Cataldo,* 451 F.2d 1109 (C.A.1 1971); *Bell v. School Bd. of Powhatan County,* 321 F.2d 494 (C.A.4 1963); *Rolax v. Atlantic Coast Line R. Co.,* 186 F.2d 473 (C.A.4 1951); 6 J. Moore, Federal Practice ¶ 54.77[2], p. 1709 (2d ed. 1974).

3. See, e. g., *Hall v. Cole,* 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973); *Mills v. Electric Auto-Lite Co.,* 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970); *Natural Resources Defense Council v. EPA,* 484 F.2d 1331 (C.A.1 1973); *Callahan v. Wallace,* 466 F.2d 59 (C.A.5 1973); *Bright v. Philadelphia-Baltimore-Washington Stock Exchange,* 327 F.Supp. 495, 506 (E.D.Pa. 1971); cf. Nussbaum, Attorney's Fees in Public Interest Litigation, 48 N.Y.U.L.Rev. 301 (1973); Comment, *The Allocation of Attorney's Fees After Mills v. Electric Auto-Lite Co.,* 38 U.Chi. L.Rev. 316 (1971).

4. See, e. g., *Cooper v. Allen,* 467 F.2d 836 (C.A.5 1972); *Knight v. Auciello,* 453 F.2d 852 (C.A.1 1972); *Lee v. Southern Home Sites Corp.,* 444 F.2d 143 (C.A.5 1971); *La Raza Unida v. Volpe,* 57 F.R.D. 91 (N.D.Cal.1972); *Ross v. Goshi,* 351 F.Supp. 949 (Haw.1972); *Sims v. Amos,* 340 F.Supp. 691 (M.D.Ala.1972); cf. *Bradley v. School Bd. of the City of Richmond,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974); Nussbaum, n. 18, supra; Note, Awarding Attorneys' Fees to the "Private Attorney General": Judicial Green Light to Private Litigation in the Public Interest, 24 Hastings L.J. 733 (1973).

involving the awarding of attorney fees in the absence of a statutory provision or contract stated:

"Although the traditional American rule ordinarily disfavors the allowance of attorneys' fees in the absence of statutory or contractual authorization, federal courts in the exercise of their equitable powers, may award attorneys' fees when the interests of justice so require. Indeed, the power to award such fees 'is part of the original authority of the chancellor to do equity in a particular situation,' *Sprague v. Ticonic National Bank,* 307 U.S. 161, 166, 59 S.Ct. 777, 780, 83 L.Ed. 1184 (1989), and federal courts do not hesitate to exercise this inherent equitable power whenever 'overriding considerations indicate the need for such a recovery.' *Mills v. Electric Auto-Lite Co.,* 396 U.S. 375, 391–392, 90 S.Ct. 616, 625, 24 L.Ed.2d 593 (1970); see *Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 718, 87 S.Ct. 1404, 1407, 18 L.Ed.2d 475 (1967).

Thus, it is unquestioned that a federal court may award counsel fees to a successful party when his opponent has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.' 6 J. Moore, Federal Practice ¶ 54.77[2], p. 1709 (2d ed. 1972); see, e. g., *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402 n. 4, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968); *Vaughan v. Atkinson,* 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962); *Bell v. School Bd. of Powhatan County,* 321 F.2d 494 (C.A.4 1963); *Rolax v. Atlantic Coast Line R. Co.,* 186 F.2d 473 (C.A.4 1951)." [Footnotes omitted].

In support of his proposition that the American Rule regarding the awarding of attorney fees completely bars the awarding of fees, regardless of the circumstances of the case, appellant Bank cites four Oklahoma cases: *Keel v. Covey,* 206 Okl. 128, 241 P.2d 954 (1952); *Wilson v. Hecht,* Okl., 370 P.2d 28 (1962); *Davis v. National Pioneer Insurance Company,* Okl.App., 515 P.2d 580 (1973); and *Oklahoma City Urban Renewal Auth. v. Lindauer,* Okl., 534 P.2d 682 (1975). In all of these cases, and in all cases ad-

dressing this issue in Oklahoma, a *prevailing party* has sought the *total cost of litigation,* including *total attorney fees,* where as in the case before us, a party, who may or may not ultimately be the prevailing party, merely seeks to be compensated for necessary expenses wasted because of the oppressive behavior of his opponent. We also note that in all Oklahoma cases addressing the issue, the foundation upon which the decision rests is a statement from 14 AmJur, Costs, § 63, p. 38, first referred to in *Keel v. Covey,* supra, the first case to consider the American Rule regarding the awarding of attorney fees. The statement in AmJur merely states the general rule, but goes no further; it does not mention, except for fraud or malice, any of the exceptions recognized both at common law and in modern day practice. We are today considering, for the first time, those recognized exceptions.

As stated above, one of the exceptions to the general rule recognized at common law and in modern practice, is the court's inherent equitable power to award attorney fees regardless of the fact that an award is not authorized by statute or contract, whenever overriding considerations, such as oppressive behavior on the part of a party, indicate the need for such a recovery.

In the case at hand, there is little doubt that plaintiff's actions were oppressive—he brought the controversy in litigation to trial, took the opportunity to test the strength and weakness of his case, then after the close of all the evidence, after the instructions had been decided upon, he dismissed, thus causing necessary expenses to be wasted by the defendants and causing the parties, attorneys, citizens and court employees to waste a considerable amount of time, money and effort.

The trial court, in the exercise of its equitable power, saw fit to tax against the plaintiff, as an item of costs, all the unnecessary expenses incurred because of his oppressive actions. Because plaintiff's actions were oppressive, and because the oppressive action of a party was, even at common law recognized as giving rise to an exception to

the general rule regarding the awarding of attorney fees, we hold that the court, in the exercise of its inherent equitable powers, did not exceed its jurisdiction, powers, or discretion. Accordingly, we cannot, as a matter of law, under the facts presented, say that the court exceeded its authority in awarding partial attorney fees. Nor can we say that the court exceeded its authority in conditioning the refiling of the case upon payment of the costs.

■ The court did however exceed its authority when it conditioned the trial of the companion cases upon the payment of costs, because, parties in those actions were not before the court, and their rights could not be prejudiced. The mere fact that they were represented by the same attorney as the plaintiff in this case, does not extend the court's power to affect the rights of nonparties. Therefore, the court erred in prohibiting the plaintiff's attorney from bringing the companion cases to trial. Unfortunately, neither plaintiff's attorney, nor any of the parties to the companion cases, have sought a writ to prohibit the court's action. The application to assume original jurisdiction and issue extraordinary relief, in the case before us, is sought only on behalf of the plaintiff below, and not on behalf of his attorney or any of the parties in the companion cases. Since the plaintiff below lacks the standing to raise questions regarding the rights of other, we cannot, in this proceeding, correct the error of the court in prohibiting the plaintiff below's attorney from bringing the companion cases to trial.

■ For the above stated reasons, we refuse to issue a writ of prohibition or mandamus. In so doing, we note that the burden of showing and proving the necessity for such extraordinary relief is upon the petitioner. The record before us does not demonstrate that the trial court abused its discretion in exercising its inherent equitable powers. A complete examination of the entire record, which is not before us in this special proceeding, may or may not result in a different determination.

ORIGINAL JURISDICTION ASSUMED AND WRIT OF PROHIBITION AND MANDAMUS DENIED.

HODGES, C. J., and WILLIAMS, IRWIN, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.

LAVENDER, V. C. J., dissenting.