The OKLAHOMA PUBLISHING
COMPANY, a Delaware
Corporation, Appellant,

v.

George MISKOVSKY, an individual,
Appellee.

No. 54642.

Supreme Court of Oklahoma.

Jan. 12, 1982.

---

4. *Gertz v. Welch,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974).

David Machanic, Michael Minnis, Pierson, Ball & Dowd, Oklahoma City, for appellant.

Sweeney, Lankford & Hetherington, Everett J. Sweeney, Norman, for appellee.

BARNES, Vice Chief Justice:

George Miskovsky (Appellee) filed his petition in libel on August 16, 1978. Therein Appellee alleged that four publications by The Oklahoma Publishing Company (OPUBCO), Appellant, had libeled him. OPUBCO filed a general demurrer to the petition, which was overruled. However, the court stated in said order that only one sentence in one of the four publications was "actionable under the allegations of the plaintiff." OPUBCO thereupon filed a motion in the trial court to certify said order of September 29, 1978, overruling OPUB-

CO's demurrer, for an interlocutory appeal, which was granted by the trial court. This Court [1] declined to hear said interlocutory appeal.

OPUBCO then filed a motion for summary judgment on April 11, 1979. On April 17, 1979, Appellee filed a dismissal without prejudice under the authority of 12 O.S. 1971, § 683 and § 684.

On April 20, 1979, the trial court held that the dismissal without prejudice had been dismissed under Section 683 and Section 684, and that the trial court had no further jurisdiction except on OPUBCO's April 20, 1979, claim for costs and counsel fees, which was set for hearing. Upon hearing, the trial court denied OPUBCO's motion to tax costs and subsequently denied OPUBCO's motion for rehearing of same.

On April 18, 1979, Appellee filed a new and expanded petition for libel in the District Court of Cleveland County. Two of the alleged libelous publications in Appellee's Oklahoma County petition were realleged in his Cleveland County petition, plus other publications not contained in his Oklahoma County petition.

The sole issue on this appeal is whether or not, under the authority of *City National Bank & Trust Co. v. Owens*, 565 P.2d 4 (Okl.1977), *the trial court erred in not awarding costs, including attorney's fees. OPUBCO contends that the dismissal by Appellee resulted in burdensome and oppressive costs and that such expenditures were wasted. The nominal costs taxed by the Clerk have been paid in this case; however, OPUBCO asserts that additional costs, including attorney's fees, may be taxed against a plaintiff, in this case Appellee, who has dismissed prior to a full adjudication, when such a dismissal creates an "injustice" and the plaintiff has "acted in bad faith, vexatiously, wantonly and for oppressive reasons."* City National Bank & Trust Co. v. Owens, supra.

It should first be noted that in Oklahoma voluntary dismissal or non-suit remains basically a matter of right as at common law,

although minor modifications have been made by our statutes.[2]

Voluntary non-suit under each statute is a matter of right only until final submission of the case for decision after trial to the jury, or to the court, where the trial is by the court.[3] In modern English practice, the trial judge controls and limits dismissals, and a voluntary non-suit without leave of court is permitted only if done before the plaintiff has taken any steps in the action after answer.[4] In Federal Court, voluntary dismissals are only allowed before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or by stipulation of all parties.[5] Many authorities have argued that the restrictions adopted in England and in our Federal Courts should be adopted in our Oklahoma Courts and that the right of dismissal at the wish of the claimant should be limited to the early stages of litigation before there is much investment in time and money in the suit, and by leaving dismissal thereafter within the discretion of the judge.[6] Such reform, however, is within the exclusive purview of the Legislature and we can only decide in this case, under the rationale of the *Owens* decision, whether Appellee's dismissal, though permissible by statute upon the payment of costs, created an injustice.

The *Owens* case was a tort action arising out of an automobile accident. The case pended for several years before it came on for trial. "A jury was impaneled and the case was tried for three full days and on the fourth day, after all evidence and testimony had been introduced, after all parties had rested, and after the court had prepared instructions, the petitioner, plaintiff below, dismissed his case without prejudice." *Id. at 6.* The trial court took evidence as to costs and attorney's fees for "the actual trial and trial preparation, which did not include fees for pleading or discovery work", and ordered the plaintiff to pay all expenses and attorney's fees caused by its untimely dismissal. *Id. at 6.* Upon defendant/petitioner's request for writ of prohibition, this Court stated:

" . . . The issue presented is: Under the facts before us, where the plaintiff's dismissal, after proceeding to trial, causes necessary expenditures to be wasted, whether a District Judge has the power to include the costs of such expenditures, including such expenditures for legal services in the costs assessed against the dismissing plaintiff.

"In addressing this issue, we first note that we are not here concerned with the right of a prevailing party to recover ordinary attorney fees in the course of litigation. Rather, we are concerned with the court's power to tax as costs, any necessary expenditures including attorney fees, against a party who causes the necessary expenditures to be wasted.

"Secondly, we note that we are not here concerned with the dismissal prior to trial, and are not concerned with the awarding of attorney fees for pleading or discovery work, but are concerned with the court's power to tax as costs any

---

2. Title 12 O.S.1971, § 683, provides:
 "An action may be dismissed without prejudice to a future action: First, By the plaintiff, before the final submission of the case to the jury, or to the court, where the trial is by the court...."
 Title 12 O.S.1971, § 684, provides:
 "A plaintiff may, on the payment of costs and without an order of court, dismiss any civil action brought by him at any time before a petition of intervention or answer praying for affirmative relief against him is filed in the action...."

3. See *Tiffany v. Tiffany*, 200 Okl. 670, 199 P.2d 606 (1948); *Naylor v. Eastman National Bank*, 107 Okl. 208, 232 P. 73 (1924).

4. A. Scott and S. Simpson, Civil Procedure 619 (1950).

5. Federal Rule 1: " . . . An action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who appeared in the action."

6. Morgan, Voluntary Dismissals, 27 Okl.L.Ref. 621 (1974).

necessary attorney fees incurred at trial or in trial preparation, against the party who causes the necessary expenditures to be wasted." *Id. at 6.*

We found that as an exception to the general rule that attorney fees are not ordinarily recoverable in the absence of a statute or an enforceable contract, that a court has inherent equitable power to award attorney fees whenever overriding considerations, such as oppressive behavior on the part of a party, indicate the need for such recovery. Based upon the facts as above outlined, this Court then refused to issue the writ of prohibition, stating:

"In the case at hand, there is little doubt that plaintiff's actions were oppressive—he brought the controversy in litigation to trial, took the opportunity to test the strength and weakness of his case, then after the close of all the evidence, after the instructions had been decided upon, he dismissed, thus causing necessary expenses to be wasted by the defendants and causing the parties, attorneys, citizens and court employees to waste a considerable amount of time, money and effort." *Id. at 8.*

Unlike the *Owens* case, the instant action did not pend for several years, but only for a period of two hundred and forty-four days, or approximately eight months.[7] Unlike the *Owens* case, the instant action did not proceed to trial, but was dismissed during the discovery stage and in advance of actual trial preparation. Unlike the *Owens* case, the expenditures were not wasted, as all parties stipulated that all depositions taken pursuant to the Oklahoma County case could be transferred and used in the new Cleveland County case.[8]

The trial court's order of November 29, 1979, denying OPUBCO's motion to tax costs states:

"That the defendant has not been substantially damaged or injured by the plaintiff's dismissal *(damnum absque injuria)* because the parties have stipulated that all matters of record in this case can be used in any subsequent case to the same extent that they were or would have been usable in this case."[9]

■ In the facts and circumstances of this case, we hold that Appellee's dismissal did not create an injustice in that OPUBCO was not substantially damaged, nor were necessary expenditures wasted because of oppressive behavior of Appellee. We therefore affirm the action of the trial court in denying OPUBCO's motion to tax costs and motion for rehearing.

■ Appellee requests an attorney's fee in the sum of $5,000.00 for defending OPUBCO's claim for costs and attorney fees, both in the trial court and on appeal. As stated above, under the general rule, or so-called "American rule", governing the award of attorney's fees to a prevailing party, attorney's fees are not ordinarily recoverable in the absence of a statute or an enforceable contract. *City National Bank & Trust Co. v. Owens, supra.* The recognized exceptions to this rule are when an opponent has acted in bad faith, vexatious-

---

7. Of the two hundred and forty-four days the case was pending, it was pending before this Court one hundred and twenty-six of those days, due to Appellant's initiating the certification of an interlocutory order for review of the trial court's overruling of Appellant's demurrer.

8. OPUBCO did not retake Appellee's deposition in the Cleveland County case.

9. OPUBCO argues that the trial court's order denying OPUBCO's motion to tax costs was also based on the fact that OPUBCO received the "benefit" of rulings which narrowed the Miskovsky allegations of libelous publications to one sentence. When the Cleveland County District Court refused to give res judicata effect to the prior rulings of the Oklahoma County Court, OPUBCO asserts that the effort to obtain those rulings by OPUBCO was wasted. It should be noted that OPUBCO merely filed a general demurrer to Appellee's original petition, which was overruled by the trial court with the added statement by the trial court that only one sentence in one publication was "actionable." The trial court noted that OPUBCO got the "benefit" of this ruling, and such ruling could be urged as res judicata in the Cleveland County case. The trial court, however, stated that "there is no assurance that you will be successful on asserting res judicata on those [other] three [publications]" in the Cleveland County Court.

ly, wantonly, or for oppressive reason, or where a successful litigant has conferred a substantial benefit upon a class of persons. *City National Bank & Trust Co. v. Owens, supra.* These exceptions do not apply in this case, and therefore we deny Appellee's request for an attorney's fee for the successful defense of this suit in the trial court and on appeal.

AFFIRMED.

IRWIN, C.J., and HODGES, LAVENDER, SIMMS and HARGRAVE, JJ., concur.

OPALA, J., not participating.