**Leslie E. YORK and Shirley J. York, Appellants,**

v.

**David FIELDS and Jimmie Nell Fields, Appellees.**

No. 74714.

Supreme Court of Oklahoma.

Feb. 4, 1992.

Rehearing Denied Feb. 23, 1993.

Whit Pate, Poteau, for appellants.

James E. Hamilton, Hamilton & Warren, Inc., Poteau, for appellees.

## MEMORANDUM OPINION

### PER CURIAM:

The sole issue presented in this appeal is whether the trial court erred in awarding attorney's fees as costs to appellees upon the appellants' dismissal of their action without prejudice during voir dire examination of the prospective jurors. The Court of Appeals affirmed the judgment of the trial court. We have previously granted certiorari.

The Yorks (plaintiffs/appellants) purchased a house from the Fields (defendants/appellees) and subsequently sued the Fields alleging that they had engaged in fraud in the sale of their property. On the day of trial, the parties agreed to a six-person jury. From a general panel of

eighty persons, the court called twenty-one for jury service on this case. Even though the amount in controversy in the Yorks' petition exceeded $2,500.00 (*see* 12 O.S. 1981, § 556.1), the parties agreed to a six-person jury. After twelve prospective jurors were passed for cause and seated, both the Yorks and the Fields had agreed to exercise peremptory challenges against three prospective jurors so that a six-person jury would be left.

From the first twelve names called, one prospective juror was the husband of the secretary in the law office of Fields' counsel. He was excused for cause. When the prospective jurors were asked if any of them knew the Yorks, no hands were raised. But when asked the same question concerning the Fields, several hands were raised indicating that they knew the Fields. The Fields operate a grocery store in Heavener, which is contiguous to the community of Howe. Four of the prospective jurors were customers in the Fields' store. Of those four, one had also had a brother previously employed by the Fields. One of those four was excused for cause because he was a friend of the Fields' lawyer. One of the four had gone to school with that lawyer's children. Of the other prospective jurors, one knew the Fields owned a store in Heavener, one had been represented by the law firm of Fields' counsel, and one, who was excused for cause, was currently being represented by that firm. In summary, the majority of the twelve remaining prospective jurors were either customers of the Fields, had a business relationship with the Fields' lawyer, or were from Heavener.

After the trial judge had elicited the above information during his voir dire examination, the Yorks' counsel requested that the prospective jurors be excused while a record was made. The Yorks' lawyer stated that in his five or six years of experience with jury panels in the county, he had not seen more than one prospective juror from Heavener on any one jury. He believed that the jury was not representative of the county and that his clients could not receive a fair trial from such a panel. After two recesses to find out how the panel had been selected, the trial court

found nothing to justify the suspicions articulated by the Yorks' lawyer. He moved to either quash the jury panel or to declare a mistrial. The trial court denied both motions. He then moved for the cause to be dismissed without prejudice, which the trial court granted. The Fields moved for attorney's fees, which the trial court took under consideration.

At a subsequent hearing, the Fields asked for $1,747.18 in attorney's fees for review of the jury list, attendance at trial, and preparation by the law firm that represented them. The trial court took the matter under advisement. The court subsequently issued an order granting attorney's fees in the amount of $880.00 for reviewing the prospective jury list and for attendance at trial. The trial court cited *City National Bank & Trust v. Owens*, 565 P.2d 4 (Okla.1977) and 12 O.S.1981, § 684 as authority for his decision. The Yorks appealed the judgment.

The Yorks dismissed their suit after good faith argument to the court that a majority of the jury panel appeared to be sympathetic to defendants, as most of the jurors were associated in some manner with the Fields or their attorneys. The Yorks requested panelists who were not associated in any manner with the Fields. The dismissal was requested only after unsuccessful motions to quash and for mistrial were lodged. This dismissal is not a bad faith, vexatious or oppressive act contemplated in *Owens* and its progeny. A dismissal is in bad faith, vexatious or oppressive if it is an abuse of the judiciary or wastes public revenue, *Owens* and *Winters v. City of Oklahoma City*, 740 P.2d 724 (Okla.1987), or it serves only to delay, *Melinder v. Southlands Development, Inc.*, 715 P.2d 1341 (Okla.1985).

There is no statutory authority for the trial court's award of attorney fees for jury selection and trial attendance in this fraud action. Under the American Rule each litigant bears the cost of representation in the absence of a specific statute or a specific contract between the parties. This case does not present a "bad faith, vexatious or

oppressive" exception to the American Rule. *Beard v. Richards*, 820 P.2d 812 (Okla.1991); and, *Kay v. Venezuelan Sun Oil Co.*, 806 P.2d 648 (Okla.1991).

CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF APPEALS VACATED; JUDGMENT OF THE TRIAL COURT REVERSED.

LAVENDER, SIMMS, DOOLIN, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

OPALA, C.J., concurs in result.

HARGRAVE, J., dissents.