**A.C. WALTERS, Petitioner,**

v.

**Jack COWLEY, Warden, Oklahoma State Reformatory, and Larry Fields, Director of the Oklahoma Department of Corrections, Respondents.**

**No. H 95–0037.**

Court of Criminal Appeals of Oklahoma.

Sept. 15, 1995.

The record reflects that the District Court of Greer County, Case No. C–94–24, denied Petitioner's application for a writ of habeas corpus following an evidentiary hearing December 14, 1994. Petitioner alleged he had not received time credits under the most advantageous statute available. On January 17, 1995, Petitioner filed an application for a writ of habeas corpus in this Court alleging the District Court erred in granting the State's motion to dismiss his application. In an Order issued February 14, 1995, this Court denied Petitioner's application for a writ of habeas corpus finding Petitioner had not established his confinement was unlawful or that he was entitled to immediate release.

On December 27, 1994, the State filed in the District Court a motion for attorney fees and costs. In an order issued January 27, 1995, the Honorable Charles L. Goodwin ordered Petitioner to pay $2,334.90. Petitioner now seeks extraordinary relief contending the District Court erred when Judge Goodwin granted the State's motion to assess attorney fees. Petitioner argues that case-law prohibits the recovery of attorney fees in habeas corpus proceedings.

Citing *Ex parte Yahola*, 185 Okl. 52, 90 P.2d 401 (1938), Petitioner argues that attorney fees, performed by an attorney in a habeas corpus proceeding, are not recoverable by the prevailing party; and citing *Todoroff v. Burton*, 719 P.2d 456 (Okl.1985), that attorney fees are generally not recoverable unless provided by statute or contract. Petitioner asserts that the application for a writ of mandamus, amended to an application for a writ of habeas corpus following this Court's decision in *Canady v. Reynolds*, 880 P.2d 391 (Okl.Cr.1994), was not a frivolous action and was not filed in bad faith or for oppressive reasons.

## ORDER DENYING APPLICATION FOR EXTRAORDINARY RELIEF

On February 24, 1995, Petitioner filed an Application to Review Trial Court's Order Granting Respondent's Motion for Attorney Fees and Costs which we will construe as an application for extraordinary relief.

In an Order issued April 13, 1995, the Honorable Charles L. Goodwin, or a designated representative, was directed to file a response to Petitioner's application. The response, prepared by Jennifer B. Miller, Assistant Attorney General, was filed May 12, 1995.

The State asserts that the Trial Court had the authority to award attorney fees and costs to the Respondents.

A transcript of the proceeding held December 15, 1994, reflects that Judge Goodwin after hearing argument of both counsel, directed Petitioner's counsel to show him how this application for habeas corpus relief was different from the issue previously decided by the court in 1991 when the court heard all of Petitioner's evidence, heard the evidence of the Department of Corrections, made the determination of the appropriate time credits due Petitioner and how much he still owed. Petitioner appealed that ruling, the decision was affirmed by this Court, and the decision was also reviewed by the U.S. District Court for the Western District of Oklahoma and the Tenth Circuit Court of Appeals. Judge Goodwin determined that precisely the same issue was raised previously, the court had already decided the issue, and that the current habeas corpus action was "totally spurious" and "absolutely frivolous" and granted the State's motion for attorney fees in the amount of $2,100.00 and costs in the amount of $208.80 for mileage and $26.10 for copy charges.

At the hearing on the State's motion for costs and attorney fees held January 26, 1995, the State filed an affidavit setting forth the amount of time expended as well as the costs incurred. An expert witness also testified on behalf of the State as to the prevailing rate of attorney fees within the community as well as the reasonableness of the time expended and the costs which have been incurred. The Petitioner argued the application of attorney fees is improper because it is a habeas corpus action.

Judge Goodwin found that he had held an extended and protracted hearing in Case No. C–91–39 and ruled on Petitioner's application for a determination of the law at that time as to what credits Petitioner was entitled; the court made that ruling and the ruling was appealed and affirmed. By this subsequent petition, Judge Goodwin found Petitioner has requested the court to change its ruling. Judge Goodwin found that the issues in the 1994 application to be the same as those previously raised in 1991 and concluded this to be a spurious action and that attorney fees and costs are, therefore, proper.

■ The State asserts the Trial Court has authority to assess certain costs at its discretion pursuant to 12 O.S.1991, §§ 927 and 930.[1] *See also* Section 942.

There is no question that the trial judge, in his discretion, may assess costs. Therefore, we do not find the trial judge abused his discretion in this case assessing costs in the amount of $208.80 for mileage and $26.10 for copy charges.

■ The State cites *City National Bank & Trust Company of Oklahoma City v. Owens*, 565 P.2d 4 (Okl.1977), in support of its contention that the trial judge had the authority to award attorney fees. In this case the bank brought a tort action arising out of an automobile accident. After several years the case came on for trial, a jury was impaneled, and the case was tried for three full days and on the fourth day, after all evidence and testimony had been introduced, after all parties had rested, and after the court had prepared instructions, the bank dismissed its case without prejudice. The defendant then requested the bank be required to pay all of his costs, including attorney fees for the preparation of the trial, and for the trial itself.

■ The trial court ordered the bank to pay all expenses and attorney fees caused by the untimely dismissal in the amount of $4,724.98. The bank sought a writ of prohibition and mandamus prohibiting enforcement of the order of the District Court. The Oklahoma Supreme Court stated that "[u]nder the so called 'American Rule' governing the award of attorney fees to a prevailing party, attorney fees are not ordinarily recoverable in the absence of a statute or an

---

1. Section 927 directs that "[u]nless otherwise provided by statute, the costs of motions, continuances, amendments and the like, shall be taxed and paid as the court, in its discretion, may direct." Section 930 directs that "[i]n other actions, the court may award and tax costs, and apportion the same between the parties on the same or adverse sides, as in its discretion it may think right and equitable."

enforceable contract." *Id.* at 7. However, the Supreme Court determined that the American Rule does not serve as an absolute bar to the awarding of attorney fees in the absence of statute or contract. "Courts have long recognized that attorney fees may be awarded when an opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reason ..." *Id. See Hall v. Cole,* 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973). *See also Walden v. Hughes,* 799 P.2d 619 (Okl. 1990).

> "... [O]ne of the exceptions to the general rule recognized at common law and in modern practice, is the court's inherent equitable power to award attorney fees regardless of the fact that an award is not authorized by statute or contract, whenever overriding considerations, such as oppressive behavior on the part of a party, indicate the need for such a recovery." *Owens* at 8.

In *Owens* the Supreme Court held that the trial court, in the exercise of its inherent equitable powers, did not exceed its jurisdiction, powers, or discretion in awarding attorney fees. *Id.* at 9.

Generally, the Constitution of the State of Oklahoma, art. 2, section 10, provides that "[t]he privilege of the writ of habeas corpus shall never be suspended by the authorities of this State." We then must look to the statutory provisions for habeas corpus which are set out by the Legislature in Title 12, Sections 1331–1356. Habeas would, therefore, be subject to the other provisions of Title 12, such as costs.

However, art. 7, section 4, vests exclusive appellate jurisdiction in criminal cases to the Court of Criminal Appeals and in 22 O.S. 1991, § 1051, the Legislature authorizes the Court of Criminal Appeals to promulgate rules for criminal appeals which have the force and effect of statute. Further, the statutory provisions in Title 12 are bolstered by Section 1151 of Title 22 which addresses habeas.

But more specifically, the Legislature has provided Section 1277 of Title 22, effective September 1, 1992, which we find authorizes the courts to assess and collect costs and expenses of a criminal proceeding, such as this habeas action, from inmates.

Section "A" of this statute directs the Department of Corrections to pay a fee (as set out in subsection "D") for criminal prosecutions conducted in any county where a penal institution or community correction center is located when the prosecution involves (1) a violation of any criminal law committed by any prisoner housed in any penal institution or community corrections center or (2) a crime committed in furtherance of an escape, flight or concealment as a fugitive from any penal institution or community correction center.

Section "C" of this statute directs that the cost of any habeas corpus proceeding instituted by any prisoner of any penal institution or community correction center which is operated by or under contract with this State shall be paid by the Department of Corrections out of any funds provided for the support and maintenance of the institution of which the person committing such crime, or instituting such habeas corpus proceedings, is a prisoner, upon the filing of a verified and itemized claim from the court clerk of the county where the proceedings were held.

But more specifically, Section "E" provides that "[n]othing in this section shall prohibit the court from ordering the costs and expenses of a criminal prosecution to be paid by the inmate or restrict the court clerk from collecting such costs and expenses from the inmate."

In the present matter the record shows that the trial court found the matter filed by Petitioner totally spurious and absolutely frivolous which is apparent from the record. Therefore, we do not find under the facts of this case that the trial court exceeded its authority in awarding attorney fees. There is no evidence in this record that the trial court abused its discretion in exercising its inherent powers by ordering the Petitioner to pay the Respondent's attorney fees and costs in Case No. C–94–24 in the District Court of Greer County. In addition, we find the assessment of attorney fees and costs is also authorized by the statutory provisions of Section 1277 of Title 22.

Accordingly, Petitioner's application for extraordinary relief is herewith **DENIED.**

**IT IS SO ORDERED.**

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Presiding Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Judge

/s/ James F. Lane
JAMES F. LANE,
Judge,
concurs in result

/s/ Reta M. Strubhar
RETA M. STRUBHAR,
Judge

LANE, Judge: concurs in result.

I concur with the majority in affirming the order of the trial court. I base my decision entirely on *City National Bank & Trust Company of Oklahoma City v. Owens,* 565 P.2d 4 (Okl.1977). I cannot adopt the rest of the reasoning contained in this order. Therefore, I concur in results only.