OSCN Found Document:BRIGGEMAN v. HARGROVE

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 BRIGGEMAN v. HARGROVE
2014 OK CIV APP 13
Case Number: 110552
Decided: 08/16/2013
Mandate Issued: 02/04/2014
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2014 OK CIV APP 13, __ P.3d __

ANDREW R. BRIGGEMAN, Plaintiff/Appellee,
v.
CANDACE L. HARGROVE, Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT
OF TULSA COUNTY, OKLAHOMA

HONORABLE WILMA PALMER, JUDGE

REVERSED AND REMANDED

James R. Gotwals, Benjamin Aycock, Mary L. Gutierrez, JAMES R. GOTWALS AND ASSOCIATES, INC., Tulsa, Oklahoma, for Plaintiff/Appellee,
Leslie K. Brier, BRIER LAW FIRM, P.L.L.C., Tulsa, Oklahoma, and Robert V. Henson, HENSON LAW FIRM, P.L.L.C., Tulsa, Oklahoma, for Defendant/Appellant.

ROBERT D. BELL, JUDGE:

¶1 In this post-paternity, custody modification proceeding, Defendant/Appellant, Candace L. Hargrove (Mother), appeals from the trial court's order dated February 29, 2012, which found the trial court lacked jurisdiction to consider Mother's application for attorneys fees and costs. The trial court held the Oklahoma Supreme Court's order entered in Case No. 109,239 prohibits Mother from bringing this action against Plaintiff/Appellee, Andrew R. Briggeman (Father), in Tulsa County District Court. We reverse the dismissal order and remand this matter to the trial court to determine whether under the facts of this case, an assessment of attorney fees against Father is proper.

¶2 Mother is an Ohio resident. Mother incurred attorney fees, costs and expenses while defending herself against an emergency custody and modification of custody application filed by Father in Tulsa County, Oklahoma. In April 2010, while Father was exercising visitation with the parties' minor child in Oklahoma, Father filed an application for emergency custody and modification of custody in Tulsa County. Father refused to return the child to Mother in Ohio. Mother objected to the trial court's assumption of jurisdiction. The emergency show cause hearing continued over a period of many months without resolution. On March 3, 2011, Mother filed an application with the Oklahoma Supreme Court, in Appellate Case Number 109,239, requesting the Court to assume original jurisdiction and consider her petition for writ of prohibition and mandamus. On March 28, 2011, the Oklahoma Supreme Court entered an Order which stated:

Original jurisdiction is assumed in that cause now pending before the District Court in Tulsa County, in which the real party in interest Andrew R. Briggeman is the petitioner, and Candace Hargrove is the respondent, Cause No. FD-2004-4877. The application of Candace Hargrove for a writ of prohibition is granted. The Court notes that at the hearing on April 19, 2010, Briggeman came forward with no evidence to substantiate his claim of emergency, and at the most raised a question as to the relative merit of either himself or Hargrove as the primary custodial parent. Such litigation would be proper before a court in Montgomery County, Ohio, the home county and state of the child, and not before a court of this state. Joliff v. Joliff, 1992 OK 38, 829 P.2d 34. The District Court of Tulsa County lacks jurisdiction of this matter and the court is directed to return the child to mother.

¶3 Thereafter, Mother filed an application in the Tulsa County proceeding requesting attorneys fees, costs and expenses. She cited 10 O.S. 2011 §7700-636 as statutory authority for her application. This statute permits the trial court to assess fees and costs in a proceeding to adjudicate a man's parentage. Mother also cited City National Bank v. Owens, 1977 OK 86, 565 P.2d 4, as authority for her claim that the trial court had inherent equitable power to award attorney fees and costs on the basis of Father's alleged oppressive behavior in filing the emergency custody application. We note, however, that Owens was superseded by 23 O.S. Supp.1986 §103.

¶4 Father filed a motion to dismiss on the grounds that Oklahoma lacked jurisdiction to hear the matter. The trial court ruled pursuant to the Oklahoma Supreme Court's Order in Case No. 109,239 it lacked jurisdiction over this matter, and granted Father's motion to dismiss. Mother appeals from the trial court's order dismissing her application for attorneys fees, costs and expenses.

¶5 This matter stands submitted without appellate briefs on the trial court record. See Rule 4(m), Rules for District Courts, 12 O.S. 2011 Ch. 2, App., and Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S. 2011 Ch. 15, App. 1. In reviewing the trial court's disposition by dismissal, the Court examines the issues de novo. Miller v. Miller, 1998 OK 24, ¶15, 956 P.2d 887, 894.

¶6 On appeal, Mother contends the trial court erred in failing to apply the appropriate laws pertaining to subject matter jurisdiction and in concluding that the Supreme Court's Order in Case No. 109,239 prohibited Mother from filing her application for attorneys fees, costs and expenses against Father in Oklahoma. We hold notwithstanding the entry of the writ of prohibition, the trial court had the inherent equitable supervisory power to assess Father and award Mother attorney fees in the event it finds Father's conduct was oppressive or abusive. Winters By & Through Winters v. City of Oklahoma City, 1987 OK 63, ¶¶6-10, 740 P.2d 724, 725-26. The trial court's order dismissing Mother's application for attorneys fees, costs and expenses is therefore reversed and this matter is remanded to the trial court to determine whether under the facts of this case, such an assessment of attorney fees against Father is proper.

¶7 Father filed a special entry of appearance and motion to dismiss in the instant appeal. Consideration of Father's motion to dismiss was deferred to the decisional stage. Because we reverse and remand the trial court's dismissal of Mother's application, Father's motion to dismiss the appeal is denied.

¶8 REVERSED AND REMANDED.

BUETTNER, P.J., and JOPLIN, C.J., concur.






 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Supreme Court Cases Cite
Name
Level 1987 OK 63, 740 P.2d 724, 58 OBJ 2066, Winters v. City of Oklahoma City
Discussed 1992 OK 38, 829 P.2d 34, 63 OBJ 951, Joliff v. Joliff
Discussed 1977 OK 86, 565 P.2d 4, CITY NAT. BANK & TRUST CO. v. OWENS
Discussed 1998 OK 24, 956 P.2d 887, 69 OBJ 1172, MILLER v. MILLER
Discussed
Title 10. Children Cite
Name
Level 10 O.S. 7700-636, Orders - Assessment of Fees and Costs - Child's Surname - Amended Birth Certificate
Cited
Title 23. Damages Cite
Name
Level 23 O.S. 103, Claim or Defense Asserted in Bad Faith - Order Reimbursing Nonprevailing Party Costs and Fees
Cited