MITTAL v. BLUESTEM EMERGENCY MEDICAL



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:MITTAL v. BLUESTEM EMERGENCY MEDICAL

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 MITTAL v. BLUESTEM EMERGENCY MEDICAL
2019 OK CIV APP 65
Case Number: 115675
Decided: 01/07/2019
Mandate Issued: 11/07/2019
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2019 OK CIV APP 65, __ P.3d __

 

BHARAT MITTAL, Plaintiff/Appellant,
v.
BLUESTEM EMERGENCY MEDICAL P.L.L.C., a professional limited liability company, and THOMAS W. BRITT, ROGER J. COTNER, HOLLY B. FOUTS, RONALD L. HAY and RUTH M. THOMPSON, Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT OF
WASHINGTON COUNTY, OKLAHOMA

HONORABLE RUSSELL C. VACLAW, JUDGE

REVERSED AND REMANDED

Johnny P. Akers, Frederick S. Esser, Law Center of Akers & Esser, Bartlesville, Oklahoma, for Appellant,

James M. Elias, Rick D. Tucker, Robinett King Elias Buhlinger Brown and Kane, Bartlesville, Oklahoma, for Appellees.

Larry Joplin, Judge:

¶1 Plaintiff/Appellant Bharat Mittal seeks review of the trial court's order awarding attorney's fees to Defendants/Appellees Bluestem Emergency Medical P.L.L.C., a professional limited liability company, and Thomas W. Britt, Roger J. Cotner, Holly B. Fouts, Ronald L. Hay and Ruth M. Thompson (Defendants), after the Court of Civil Appeals affirmed the trial court's order granting the Defendants' motion for summary judgment in Mittal v. Bluestem Emergency Medical P.L.L.C., et al, Case No. 112,890 (Ok. Civ. App. Div. II, July 21, 2015) (Mittal I), and on remand after the Plaintiff's appeal from the trial court's initial award of attorney's fees to Defendants in Mittal v. Bluestem Emergency Medical P.L.L.C., et al, Case No. 113,483 (Ok. Civ. App. Div. IV, February 25, 2016) (Mittal II). In this second appeal from the award of attorney's fees, Plaintiff complains that, contrary to the specific directions of the Court of Civil Appeals in Mittal II, the trial court on remand failed to make the requisite findings to sustain the trial court's award of attorney's fees.

¶2 We take the following facts from Mittal II. "Mittal filed suit against Defendants, claiming that Defendants breached various contracts, breached their fiduciary duty and tortiously interfered with his contracts." Mittal II, p. 2. "The district court granted Defendants' motion for summary judgment and Mittal appealed" in Mittal I. Id.

¶3 "While [Mittal I] was pending, Defendants filed a post-trial motion for attorney fees and costs." Mittal II, p. 2. Defendants asserted that they were entitled to an award of attorney fees pursuant to 12 O.S. 2011 §936 and 12 O.S. 2011 §1101.1." Id. "Additionally, Defendants argued that they were entitled to an award of attorney fees pursuant to the court's inherent equitable authority to award fees where a party engaged in oppressive litigation conduct." Id.

¶4 "The district court granted the motion over Mittal's objection." Mittal II, p.3. "The court's order states that it found 'cause to sustain the motion for each of the different claims Defendants raised[,] [and] [f]urthermore, the fees and costs assessed by counsel for the Defendant, and the time associated thereto, are reasonable time and expenses for this case.'" Id. "Mittal filed a Motion for a New Trial, asserting that the grant of attorney fees and costs was an abuse of discretion, that the district court failed to apportion the fees, and that the award was not sustained by evidence[,] [but] [t]he district court denied Mittal's motion" for new trial. Id. Plaintiff then commenced his appeal in Mittal II.

¶5 On appeal in Mittal II, the Court of Civil Appeals reversed the trial court's order awarding attorney's fees to Defendants and remanded for further proceedings. In reversing, the Court of Civil Appeals held:

Lawyers seeking an award of attorney fees are required to "present detailed time records to the court and to offer evidence of reasonable value for the services performed, predicated on the standards within the local legal community." Green Bay [Packaging, Inc. v. Preferred Packaging, Inc.,]1996 OK 121, ¶48 [932 P.2d 1091], (quoting Oliver's Sports Ctr. v. Nat'1. Standard Ins. Co., 1980 OK 120, ¶5, 615 P.2d 291). Thereafter, the court must specifically state the basis and calculation for its determination that the fee awarded is reasonable. Green Bay, 1996 OK 121 at ¶49. Furthermore, in a multi-faceted case involving a judgment in which only some of the matters authorize attorney fees the court must distinguish, on the record, between the compensable and non-compensable attorney time and effort, where possible. Id.

Mittal asserts two propositions of error on appeal, but one is dispositive. Because the order awarding fees does not reflect the requirements of State ex rel. Burk v. City of Oklahoma City, 1979 OK 115, 598 P.2d 659, that order must be reversed. Burk demands that a fee award "should set forth with specificity the facts, and computation to support [the] award." Id. at ¶ 22. The order in this case does not satisfy the Burk directive.

Defendants asserted alternate theories of recovery in this case: breach of contract, breach of fiduciary duty and tortious interference with contract. Not all of these authorize an award of attorney fees. If the court accepted Defendants' request for fees pursuant to 12 O.S. 2011 §936, then the time spent on the tort claims must be apportioned out of the total awarded amount. If the court accepted the Defendants' request for fees pursuant to 12 O.S. 2011 §1101.1(B), then the award must be calculated from the date of the first offer of judgment. Here, it cannot be discerned from the district court's order or from the record what the district court relied upon, as a matter of law, as grounds for its award. Furthermore, the district court did not distinguish between the compensable and non-compensable matters in its award of attorney fees.

Burk further requires that the district court specify the facts and computation supporting how it arrived at its award. The court must first determine the "lodestar" fee amount, based on time records submitted by the requesting party and the hourly rate for that work. The lodestar amount may be adjusted based on the court's analysis of several factors, such as novelty or difficulty of issues, loss of opportunity for other employment, or results obtained. The order in this case merely sets forth the amount awarded and a statement that the amount is reasonable.

Because we find it necessary to vacate the district court's order and remand the matter for reasons discussed above, we do not determine whether any of the Defendants' asserted grounds for awarding fees was proper. We hold the award of attorney fees cannot be affirmed based on the record presented. This determination renders it unnecessary for us to consider Mittal's remaining proposition of error.

The order appealed is vacated and the matter remanded for further proceedings consistent with this opinion.

¶6 On remand, apparently without a hearing and based on the record made in Mittal II, the trial court entered its "Order Awarding Attorney Fees on Remand to Satisfy the Burk v. City of Oklahoma City Directive." In its order, the trial court first recognized the "award of attorney fees is sought under Title 12 O.S. §936, Title 12 O.S. §1101.1(B)(3) and perhaps most importantly, upon a finding that the Plaintiff's case was pursued in bad faith, and in a vexatious, wanton and oppressive manner."

¶7 In its order on remand, the trial court then said, "this Court found the Plaintiff filed frivolous claims and pursued this case in bad faith and in a vexatious, wanton and oppressive manner. (See City National Bank and Trust Co. v. Owens, 1977 OK 86.)" In support of this statement, the court said "[t]his Court has found the Plaintiff sued over matters for which he never had facts supporting the lawsuit," and attached its previous order granting Defendants' motion for summary judgment (affirmed in Mittal I), in which the trial court held Plaintiff had offered no evidence supporting his asserted claims for breach of contract, breach of fiduciary duty, and tortious interference with a business relationship. And, the trial court then held, "[b]ased upon the undisputed facts stated in the [Mittal I] order, this Court could reach no other conclusion than [Mittal I] was brought in bad faith, in a vexatious, wanton and oppressive manner," that is, "it was frivolous and this Court found the Defendants should be entitled to recover their attorney fees and costs."

¶8 In its order on remand, the trial court first conducted an analysis of Defendants' attorney fees claim under the Burk factors, including, inter alia, the time and labor required, novelty or difficulty of issues, loss of opportunity for other employment, the customary fee, whether the fee is fixed or contingent, limitations imposed by the client or circumstances, the results obtained, the experience, reputation and ability of the attorney, and awards in similar cases. 1979 OK 115, ¶8, 598 P.2d 659, 661. As to each of the Burk factors applicable to the present case, the trial court implicitly held an award of attorney fees proper.

¶9 In its order on remand, the trial court secondly conducted an analysis of Defendants' attorney's fee claim pursuant to the "Court's equitable authority" as delineated in City National Bank and Trust Co. v. Owens. Relying on City National Bank and Trust Co. v. Owens, the trial court "f[ound] that it is appropriate, given the facts of this case, to award the full amount of attorney fees requested by the Defendant[s]," that is, "but for the actions of Plaintiff and the baseless lawsuit, no fees should have ever been required of them." The trial court consequently held "Defendant is entitled to a full award of attorney fees, which at the time, was the total sum of $99,102.50," "$2,551.80 in costs," the granted judgment to Defendants for the total of $101,654.30.

¶10 In its order on remand, the trial court lastly analyzed Defendants' attorney fee claim under the "remaining law," 12 O.S. §1101.1(B)(3) and 12 O.S. §2011.1. Under §1101.1(B)(3), the trial court recognized Defendants' $1,300.00 offer of judgment early in the litigation, then calculated Defendants' attorney fees incurred after the date of the offer in the sum of $67,687.64, and held the defense of Plaintiff's contract and tort claims was so interrelated as to make apportionment of compensable and non-compensable attorney fee claims impossible. Under §2011.1, the trial court held that, "in any action not arising out of contract, if deemed frivolous, . . . result[s] in the prevailing party being entitled to attorney fees," and that Plaintiff's claims "w[ere] all frivolous," but that "there is no need to make the award based on these requests due to the Court's ruling above [that] the entire lawsuit never had merit or cause to be filed."

¶11 Within ten days, Plaintiff filed a motion to reconsider. Plaintiff asserted the trial court entered the order on remand in the absence of any evidence of his "bad faith" litigation, and without direction by the Court of Civil Appeals in Mittal II, without notice to him or an opportunity to appear and object, thus clearly demonstrating the trial court's bias and prejudice toward him. The trial court denied Plaintiff's motion to reconsider and Plaintiff again appeals.

¶12 A motion to reconsider, if filed within ten (10) days of the order, is the functional equivalent of a motion for new trial. See, e.g., City of Broken Arrow v. Bass Pro Outdoor World, L.L.C., 2011 OK 1, 250 P.3d 305; Strubhart v. Perry Mem'l Hosp. Trust Auth., 1995 OK 10, 903 P.2d 263. The trial court's decision to deny a motion for new trial will not be disturbed absent an abuse of discretion. See, e.g., Bank of Oklahoma, N.A. v. Red Arrow Marina Sales & Service, Inc., 2009 OK 77, 224 P.3d 685; Evers v. FSF Overlake Assoc., 2003 OK 53, 77 P.3d 581.

¶13 The right of due process assures to a person whose rights are sought to be affected (1) notice of the time and place of hearing and (2) an opportunity to be heard. See, e.g., Booth v. McKnight, 2003 OK 49, 70 P.3d 855. In the present case, it appears the issue of "bad faith" litigation was determined on remand without notice to Plaintiff and without affording Plaintiff an opportunity to appear and present evidence in opposition to the trial court's conclusion of "bad faith" litigation as to warrant the imposition of equitable attorney's fees authorized by Owens. Due process requires that Plaintiff be afforded the opportunity to appear and oppose the allegations of "bad faith" litigation.

¶14 For this reason, the order of the trial court is REVERSED and the cause REMANDED for further proceedings.

GOREE, C.J., and BUETTNER, J., concur.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1995 OK 10, 903 P.2d 263, 66 OBJ 583, Strubhart v. Perry Memorial Hosp. Trust Authority
Discussed
 2003 OK 49, 70 P.3d 855, BOOTH v. McKNIGHT
Discussed
 2003 OK 53, 77 P.3d 581, EVERS v. FSF OVERLAKE ASSOCIATES
Discussed
 1996 OK 121, 932 P.2d 1091, 67 OBJ 3291, Green Bay Packaging, Inc. v. Preferred Packaging, Inc.
Discussed at Length
 2009 OK 77, 224 P.3d 685, BANK OF OKLAHOMA v. RED ARROW MARINA SALES & SERVICE
Discussed
 2011 OK 1, 250 P.3d 305, CITY OF BROKEN ARROW v. BASS PRO OUTDOOR WORLD, L.L.C.
Discussed
 1977 OK 86, 565 P.2d 4, CITY NAT. BANK & TRUST CO. v. OWENS
Cited
 1979 OK 115, 598 P.2d 659, STATE EX REL. BURK v. CITY OF OKLAHOMA CITY
Discussed at Length
 1980 OK 120, 615 P.2d 291, Oliver's Sports Center, Inc. v. National Standard Ins. Co.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2011.1, Required Findings Upon Dismissal or Adjudication of Action
Cited
 12 O.S. 936, Action on Open Account - Attorney's Fee as Costs
Discussed at Length
 12 O.S. 1101.1, Actions for Personal Injury, Wrongful Death and Certain Specified Actions - Other Actions - Evidence - Applicability - Severability
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA