Claire C. GORST, Appellant,

v.

Dorothy WAGNER and Roger Wagner, Appellees.

No. 73660.

Supreme Court of Oklahoma.

April 20, 1993.

Rehearing Denied Oct. 28, 1993.

Claire C. Gorst, pro se.

W. Davidson Pardue, Jr., Lawrence & Ellis, P.A., Oklahoma City, for appellees.

SIMMS, Justice:

Claire C. Gorst, appellant and plaintiff below, appeals the trial court's denial of his motion for new trial and the trial court's imposition of attorney fees and costs against Gorst in 1989. On appeal, the Court of Appeals affirmed both the denial of new trial and the imposition of fees and costs. Certiorari was granted to consider only whether the fees and costs were properly awarded. Because we find that the trial court abused its discretion in awarding attorney fees and costs over the limit allowed by 23 O.S.Supp. 1986, § 103, we vacate the portion of the Court of Appeals' opinion pertaining to such fees and costs, and modify the trial court's order imposing attorney fees and costs to comply with the limitations of § 103. The relevant facts follow.

Gorst brought an action for civil conspiracy against Dorothy and Roger Wagner, claiming they conspired to interfere with and induce the breach of Gorst's employment contract with a state university. After Gorst presented his case in chief at trial, the trial court sustained the Wagners' demurrer to the evidence. After a post-trial evidentiary hearing

was conducted, the trial court found that "the claims of the Plaintiff were not well-grounded in fact, were not made in good faith, was [sic] made in bad faith, and were vexatious." Relying upon *City National Bank & Trust Co. of Oklahoma City v. Owens,* 565 P.2d 4 (Okla.1977), the trial court sustained the Wagners' motion for attorney fees and costs, assessing $34,796.00 in attorney fees and $2,320.00 in costs against Gorst.

The Court of Appeals found no error in the trial court's findings or actions and affirmed the order sustaining the Wagners' demurrer and the order imposing fees and costs upon Gorst. The only issue before us on certiorari is the propriety of the award of fees and costs.

As noted above, the trial court grounded its decision upon *City National Bank & Trust Co. of Oklahoma City v. Owens,* 565 P.2d 4 (Okla.1977). After *Owens* was promulgated, the legislature enacted 23 O.S.Supp.1986, § 103 which authorizes the courts of this state to impose reasonable costs upon the nonprevailing party when the court makes particular findings concerning the factual basis of the cause of action. Section 103, which we hold governs the case before us, provides:

"In ... any action for damages to personal rights the court shall, subsequent to adjudication on the merits and upon motion of the prevailing party, determine whether a claim or defense asserted in the action by a nonprevailing party was asserted in bad faith, was not well grounded in fact, or was unwarranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Upon so finding, the court shall enter a judgment ordering such nonprevailing party to reimburse the prevailing party an amount not to exceed Ten Thousand Dollars ($10,000.00) for reasonable costs, including attorney fees, incurred with respect to such claim or defense."

In *Beard v. Richards,* 820 P.2d 812 (Okla. 1991), this Court held that this statute must be strictly applied. Section 103 plainly states that an award of reasonable costs, including attorney fees, may not exceed $10,000.00. Hence, the trial court's award in excess of $10,000.00 violates the statute's strict limits. To the extent that the legislature pre-empted the field by enacting § 103, *Owens* is inapplicable.

Therefore, the order of the trial court imposing attorney fees and costs is hereby MODIFIED and the trial court is directed to enter judgment for appellees for attorney fees and costs in an amount not to exceed $10,000.00 against Gorst.

HODGES, C.J., LAVENDER, V.C.J., and OPALA, ALMA WILSON, SUMMERS and WATT, JJ., concur.

HARGRAVE and KAUGER, JJ., concur in result.