1998 OK CIV APP 194

**SOONER TRAILER MANUFACTURING CO., Plaintiff/Appellee,**

v.

**Larry R. GAY, Defendant/Appellant.**

No. 89,832.

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 21, 1998.

Rehearing Denied Dec. 15, 1998.

Certiorari Denied Dec. 15, 1998.

Rodney C. Ramsey, Elaine R. Turner, Christopher R. Kelly, Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Oklahoma City, Oklahoma, For Defendant/Appellant.

Linda G. Scoggins, Melanie J. Jester, Hartzog Conger & Cason, Oklahoma City, Oklahoma, For Plaintiff/Appellee.

---

1. The agreement contained no similar provision for Gay to recover attorney fees in such litiga-

## OPINION

ADAMS, J.

¶ 1   This action began when Sooner Trailer Manufacturing Co. (Sooner) sued Larry R. Gay, claiming he had violated a noncompetition provision of an employment agreement between Gay and Sooner.  Sooner requested and ultimately received a temporary injunction prohibiting Gay from working for another employer in alleged violation of that agreement.  At trial, the temporary injunction was dissolved, and the trial court entered a permanent injunction.  The trial court awarded Sooner attorney fees, apparently because the contract provided for Sooner to recover attorney fees in the event it sued Gay to enforce the noncompetition agreement.[1]

¶ 2   Gay appealed (No. 85,408), and another division of this Court reversed the trial court's judgment, concluding that the noncompetition agreement was too broad and that Sooner had not shown it was entitled to injunctive relief.  The Court remanded the case to the trial court with instructions to dismiss.  Gay filed a motion for appellate attorney fees, relying upon 12 O.S.1991 §§ 936, 1384.2 and 1392 to demonstrate his entitlement to attorney fees as the prevailing party.  The Court denied that motion, concluding "[w]e are unable to find applicable statutory authority for an attorney fee award, and note that the pertinent contract provision did not provide for award of an attorney fee to [Gay]."

¶ 3   On remand, Gay filed a motion asking the trial court to award him attorney fees for the defense against Sooner's claim in the trial court.  As a basis for that motion, he again relied on §§ 936, 1384.2 and 1392, and also contended the trial court should exercise its equitable powers under *City National Bank & Trust Company of Oklahoma City v. Owens*, 1977 OK 86, 565 P.2d 4. The trial court denied Gay's attorney fee request, and this appeal followed.

### STATUTORY AUTHORITY

¶ 4   Sooner argues the "law of the case" is that the sections relied upon by Gay

tion.

do not authorize an attorney fee award in this case. We agree.

The settled-law-of-the-case doctrine bars relitigation of issues settled by an earlier appellate opinion in the case. **The doctrine applies when the facts and issues are materially or substantially the same in both appeals, or where new testimony is merely cumulative.** Therefore, [the first appeal] settled and determined, *not only all questions actually presented, but all questions existing in the record and involved in the decision by implication.* When an appellate court rules upon an issue, that ruling becomes the law-of-the-case and controls all subsequent proceedings in the action which will not be reversed on appeal.

*Gay v. Hartford Underwriters Insurance Company,* 1995 OK 97, ¶¶ 17, 18, 904 P.2d 83, 88 (bold emphasis in original, italic emphasis added, footnotes omitted).

¶ 5 Although, as correctly noted by Gay, the appellate court was ruling on his entitlement to *appellate* attorney fees, the statutory basis for such an award would be identical to that for an award of fees for services in the trial court. The appellate court's ruling that there was no statutory basis for Gay to recover attorney fees as a prevailing party prevented Gay from asserting those same provisions as authority for attorney fees in the trial court.

### EQUITABLE AUTHORITY

¶ 6 Gay argues that the circumstances surrounding the execution of the non-competition agreement, which he contends was effectively coerced, and the damage caused him by Sooner's enforcement of the non-competition agreement required the trial court to award him attorney fees under the exception to the "American Rule" recognized in *City National Bank & Trust Company v. Owens.* However, *City National* involved a plaintiff who voluntarily dismissed a case in the middle of jury trial because of a trial court's evidentiary ruling which he thought prejudiced his case. The egregious conduct

which *City National* addressed was bad faith conduct during the litigation, not the conduct occurring which gave rise to the litigation.

¶ 7 Moreover, Gay cannot successfully complain that Sooner was in bad faith in bringing the litigation in the sense that they had no reasonable basis for believing their non-competition agreement was enforceable. Sooner prevailed in the trial court initially. The trial court was not required to exercise its authority under *City National* to award attorney fees.[2]

### CONCLUSION

¶ 8 The "settled-law-of-the-case" prevented the trial court from awarding attorney fees to Gay based upon any of the statutory grounds asserted by him, and Gay has not demonstrated that the trial court abused its discretion in declining to award attorney fees based on *City National Bank & Trust Company v. Owens.* The trial court's order is affirmed.

AFFIRMED.

HANSEN, J., and BUETTNER, P.J., concur.

---

2. In actions for damages to personal rights, 23 O.S.1991 § 103 has superseded *City National Bank v. Owens.* See *Gorst v. Wagner,* 1993 OK 50, 865 P.2d 1227. Gay has not asserted § 103 here, and we do not consider it.